SUPREME COUNCIL LEGION OF HONOR, Plaintiff, v. ANNA R. NEIDLET, Appellant; WILLIAM C. RICHARDSON, Guardian of GUY C. RENICK, Respondent.

**St. Louis Court of Appeals, November 28, 1899.**

1. **Benevolent Associations:** WHO THE BENEFICIARY: ACT OF 1897 CONSTRUED. The deceased member took out a benefit certificate payable to his sister. He left at his death, a minor son, his only heir: Held, that under the Act of 1897, providing that "payments of death benefits, shall be to the families, heirs, blood relatives, etc.," the fund secured by the benefit certificate should go and be paid to his sister, Anna R. Neidlet, one of the interpleaders.

2. ———: ———: BENEFITS CONTROLLED BY THE ACTS OF 1897. As the Act of 1897 was in force when the member died, it determined the classes of persons to become beneficiaries, and the sister being a "blood relative" and the beneficiary named in the certificate was entitled to the fund.

3. ———: ———: BENEFIT CERTIFICATE AN EXPECTANCY: DEATH VESTED IT. While the member lived, the benefit certificate was an expectancy and no vested rights could accrue under it, but on his death the benefit secured by the certificate became vested to the person designated in the certificate, if within either class pointed out by the statute competent to receive payment.

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

REVERSED (*with directions.*)

*Adiel Sherwood, William B. Thompson* and *Ford W. Thompson* for appellant.

(1) This is an equity case and the evidence will be reviewed and considered *de novo* by this court. Chapline v.

Stone, 77 Mo. App. loc. cit. 529; Benne v. Schnecko, 100 Mo. loc. cit. 258; McElroy v. Maxwell, 110 Mo. loc. cit. 308. (2) The law in force at the death of a member of a fraternal order determines the classes of persons who may become beneficiaries. At the death of Mr. Renick, in 1898, the laws of Missouri declared that payments should be made to the families, heirs, blood relatives, affianced wife or affianced husband of, or to persons dependent upon the member. Laws of 1897, p. 132; Masonic Ben. Ass'n v. Bunch, 109 Mo. 560; Expressman's Aid Society v. Lewis, 9 Mo. App. 412; Nat. Am. Ass'n v. Kirgin, 28 Mo. App. 80; Wells v. Covenant Mut. Ben. Ass'n, 126 Mo. 630. (3) Mrs. Neidelet, as is shown by the evidence, was a sister of the deceased, a blood relative; and, we contend, she was dependent upon him. (4) Mrs. Neidelet was a member of the family of Renick. The word "family" is used in the larger sense of kindred. Grand Lodge v. Elsner, 26 Mo. App. 116; Carmichael v. Northwest Mut. Ben. Ass'n, 51 Mich. 494. The designation made by a member in his certificate will be regarded as equivalent to a will. Masonic Ben. Ass'n v. Bunch, 109 Mo. loc. cit. 580. Definitions of "family" as applicable in this case. Henn v. Lewis, 81 Mo. 259; Duncan v. Frank, 8 Mo. App. 289; Whaley v. Whaley, 50 Mo. 581; Bell v. Hench, 80 Ky. 42; Story Eq. Juris., sec. 10655.

*E. M. Nichols* for respondent.

(1) Under the testimony Mrs. Neidelet was not shown to be a "member of the family" of Guy G. Renick, nor within the meaning of "other kindred dependents," as contained in section 2823, Revised Statutes 1889. Grand Lodge v. McKinstry, 67 Mo. App. 88; Lister v. Lister, 73 Mo. App. 99; Grand Lodge v. Elsner, 26 Mo. App. 116; Wagner v. Benefit Society, 70 Mo. App. 161; Order of Ry. Cond'rs v. Coster, 55 Mo. App. 186; Ballou v. Giles, 50 Wis. 619; Keener v.

Grand Lodge, 38 Mo. App. 543.    (2)    Section 2823, Revised Statutes 1889, designates the class of beneficiaries entitled under the certificate in suit.    In order that the Legion of Honor would be permitted to extend its beneficiary fund to the class mentioned in section one of the Acts of 1897 it must be shown to have availed "itself of the benefit of the foregoing section by amending its constitution, or articles of association, or re-incorporate thereunder, or by an amended constitution, or by amended articles of association, in the manner prescribed by this Act."    See sec. 16a of Acts of 1897, p. 137; Sternberg v. Levy, 76 Mo. App. 593.

BLAND, J.—The Supreme Council of Legion of Honor is a Fraternal Benevolent Association, working under a lodge system, and was incorporated under the laws of Missouri. Prior to February 28, 1894, Guy G. Renick was a member of the order and had received a benefit certificate No. 4007, payable to his wife on his death.    On February 28, 1894, his wife having died he surrendered certificate No. 4007 and took out a new one, No. 7987, in which Anna R. Neidelet was designed as the beneficiary.    On March 12, 1898, Renick died, in good standing with the order.    Proofs of his death were duly made and furnished the order.    He left surviving him as his only heir at law Guy R. Renick, his only child, a minor.    Mrs. Neidelet and this heir appeared as rival claimants for the benefit fund evidenced by the certificate.    Mrs. Neidelet claimed as the designated beneficiary and as a blood relative of the deceased, and as a dependent member of his family.    Guy R. Renick claimed as heir at law, and denied that Mrs. Neidelet was a dependent member of his father's family and that she was not such a person as could receive the benefit under the laws of the order.    On account of these rival claims, the order filed its petition in court, setting out the facts in detail; that the benefit was due to one or the other of the rival claimants, asking that it be permitted to pay the

fund into court, and that the two claimants be required to interplea for the same. By an order of the court the fund, $2,000, less $60 allowed for attorney's fees, was paid into court, and the rival claimants appeared, Anna Neidelet in person, and Guy R. Renick by guardian, and filed their respective pleas for the fund. The issues were submitted to the court. On the hearing Anna Neidelet to sustain the issues on her part, read in evidence the following laws of the order; and the certificate No. 7987:

Sec. 2. "Each member shall enter upon his application the name or names of the members of his family or those dependent upon him, to whom he desires his benefit paid, subject to such further disposal of the benefit among his dependents as the member may direct, and the same shall be entered in the benefit certificate."

Sec. 3. "A member may at any time, when in good standing, surrender his benefit certificate, and a new certificate shall thereafter be issued, payable to such beneficiary or beneficiaries dependent upon him as such member may direct, upon the payment of a certificate fee of fifty cents."

Sec. 5. "In the event of the death of all the beneficiaries selected by the member before the decease of such member if he shall make no other or further disposition thereof, the benefit shall be paid to the heirs of the deceased member, dependent upon him, and if no such person or persons shall be entitled to receive such benefits by the laws of the order it shall revert to the relief fund."

Appellant produced oral testimony tending to prove that Guy G. Renick, about five years prior to his death, moved to her house in the city of St. Louis, bringing with him his household goods and his minor child, and continued to reside with her until his death; that during the period of his residence with her he paid her from time to time $600 or $700, which went toward the support of her family; that he was not a boarder, but was given a home at the house of Anna Neidelet

as a member of the family; that at times Anna was dependent upon him for means to buy necessaries for family use, especially was this so when her husband was out of employment, which occurred frequently. The proof further showed that Anna Neidelet was a blood sister of Guy G. Renick. On the part of Guy R. Renick the evidence tended to show that Guy G. Renick was mostly out of employment while residing with his sister; that while residing there $400 at one time and $150 at another was about all the money that came into his hands; that the husband of Anna Neidelet resided with his wife and was the head of the family, and that he supported the family before Renick went there to live and after his death, and that his earnings while Renick lived there went to the support of the family. The court found for Guy R. Renick and awarded him the fund, from this judgment Anna Neidelet duly appealed.

Under the laws of the order as they existed when the certificate was issued, the beneficiaries were confined to members of the family, or those dependent on the member, to whom the certificate was issued. The learned circuit judge found that Anna Neidelet was neither a member of Guy G. Renick's family, nor dependent upon him. The Act of 1897 concerning Fraternal and Benevolent Associations (Session Acts 1897, p. 132), it seems was not noticed or called to the attention of the circuit court on the trial. It is conceded here that if the benefit certificate is to be governed by that Act, Mrs. Neidelet being a blood sister of Guy G. Renick, is entitled to the benefit. It is also conceded that the order has not reincorporated under the Act of 1897, nor so amended its laws in regard to who may be beneficiaries of its bounty, as to conform to the Act. Section 1 of the Act of 1897, provides that "payments of death benefits shall be to the families, heirs, blood relatives, affianced husband or wife, or to persons dependent upon the member." While Guy G. Renick lived the benefit certificate was but an expectancy, as no vested

rights did or could accrue under it.    The Masonic Ben. Ass'n
v. Busch, 109 Mo. loc. cit. 579; Wells v. Covenant Mut.
Ben. Ass'n, 126 Mo. 630.    But immediately on his death the
benefit secured by the certificate became vested in the person
who was authorized under the law as it then existed to take
the benefit, and first to the person designated in the certifi-
cate, if within either class of the persons pointed out by the
law, as competent to receive payment.    The Act of 1897
was in force at the date of the death of Guy G. Renick and is
controlling in this case, unless it was necessary that the order
should re-incorporate or amend its laws to conform them to
the provisions of the Act before the Act could become the
law of the order.    The law of 1897 embraces the whole sub-
ject relating to the government and powers of these associa-
tions and repeals all laws inconsistent with its provisions, and
expressly repeals section 2823, Revised Statutes 1889, which
points out the classes of persons who may be made beneficiaries
of members of the order, so that unless the Act applies to or-
ders which were in being when it went into effect, they were
thereafter without lawful right to issue benefit certificates at
all, until they in some manner accepted the provisions of the
law of 1897.    The Act nowhere requires that any such action
must be taken.    Section 2823 authorizes existing corpora-
tions to re-incorporate in the manner prescribed by section
2822, Revised Statutes 1889, but it does not follow that it
should re-incorporate and adopt the provisions of the Act be-
fore it could receive its benefits.  The order was bound to make
the annual reports to the commissioner of insurance provided
for by the Act, and to do other things thereby prescribed.
As the Act imposed burdens on the order, how can it be said
that it withheld from it its benefits; or how can it be said that
a part of the Act took effect on existing associations, and an-
other part did not, when it is not so provided by the Act.
The continuance of the corporation and its authority to do
business is, by section 2 of the act, made dependent upon its

compliance with section 4 (the making of annual reports to the superintendent of insurance) not upon the condition that it shall re-incorporate, or by some amendment of its laws or by resolution adopt the provisions of the Act. Because the law of 1897 was not followed by the trial court the judgment is reversed and the cause remanded, with directions to the circuit court to enter judgment for interpleader Anna Neidelet awarding her the fund. All concur.