INEZ HUFF, Respondent, v. SOVEREIGN CAMP WOODMEN OF THE WORLD, Appellant.

· Kansas City Court of Appeals, June 11, 1900.

1. **Life Insurance:** NONRESIDENT BENEFIT SOCIETY: SUICIDE: DEFENSE: STATUTES. Under section 5855, Revised Statutes 1889, suicide is not a defense unless the policy was taken out with a view thereto; and section 2823 does not apply to a nonresident benevolent association so as to exempt it from the provisions of section 5855. Toomey v. Supreme Lodge, 74 Mo. App. 507; 147 Mo. 129; considered.

2. ———: ACT OF 1897: RETROSPECTIVE: BY-LAWS. The act of 1897 was not intended to operate on existing contracts and will not be so construed, neither will the by-laws of a benefit society be held retrospective unless clearly so intended.

Appeal from the Vernon Circuit Court.—*Hon. H. C.* · *Timmonds,* Judge.

AFFIRMED.

*Brome & Burnett* and *Scott & Bowker* for appellant.

(1) An examination of the several legislative enactments of the state of Missouri relative to fraternal beneficiary associations does not warrant the conclusion that beneficiary certificates, lawfully issued to their several members by such organizations, are "policies of insurance" within the the meaning of section 5855. (2) That the ruling in case of Toomey v. Supreme Lodge, 74 Mo. App. 507, is fairly overruled by the Supreme Court of Missouri in the same case, 147 Mo. 129. (3) That by the act of 1897, "An Act defining and regulating fraternal beneficiary associations" providing that "such association * * * shall be exempt from the provisions of the insurance laws of the state," the provisions of section 5855 are entirely eliminated from consideration in a suit upon a beneficiary certificate. (4) The beneficiary certificate sued upon in this case provides that it is issued and accepted subject to all the conditions written on the back thereof and named in the Sovereign constitution, fundamental laws and by-laws, etc., such by-laws and rules as are or may be adopted, etc. The proposition that a member of a fraternal-beneficial association is bound by the by-laws adopted after the issuance of his certificate if the contract so provides, is settled by the great weight of authority in this country. Niblack Benefit Societies and Accident Insurance (2 Ed.), sec. 26; Bacon on Benefit Soc., secs. 91, 92, 185, 186, 187 and 188; Stohr v. San Francisco M. F. S., 82 Cal. 557; Fullenweider v. Supreme Council of Royal League, 73 Ill. App. 321; Dornes v. Supreme Lodge, 23 So. Rep. 191; Schmidt v. Supreme Tent Maccabees, 73 N. W. Rep. 22; Hughes v. Wisconsin Odd Fellows, M. L. I. C., 73 N. W. Rep. 1015; Loeffler v. Mod. Woodmen of America, 73 N. W. Rep. 1012.

*Wight & Wight, W. W. Wood* and *J. W. Suddath* for respondent.

(1)   The act of 1897 has no application to certificates issued prior thereto.   Session Acts 1897, p. 132; Fisher v. Patton, 134 Mo. 32, loc. cit. 52, 53; Reed v. Swan, 133 Mo. 100; Hysinger v. Supreme Lodge, 42 Mo. App. 627; Hoffmeyer v. Muench, 59 Mo. App. 20; St. Louis v. Clemens, 52 Mo. 144; Ins. Co. v. Flynn, 38 Mo. 483; Wolff v. Berning, 74 Mo. 87; Leete v. Bank, 115 Mo. 184; Reed v. Painter, 129 Mo. 680; Craven v. Ins. Co., 50 S. W. Rep. 519; Equitable Life v. Clements, 140 U. S. 233; Jarman v. Ins. Co., 95 Fed. Rep. 70; White v. Ins. Co., 4 Dil. 177; Klosterman v. Ins. Co., 6 Mo. App. 582; Christian v. Ins. Co., 143 Mo. 464; Shields v. Johnson County, 144 Mo. 82.   (2) Foreign fraternal organizations are not exempt from provisions of general insurance law.   Sess. Acts 1881, p. 87; Hysinger v. Supreme Lodge, 42 Mo. App. 627; Hoffmeyer v. Muench, 59 Mo. App. 20; R. S. 1889, secs. 2823, 2824; Toomey v. Supreme Lodge, 74 Mo. App. 507; Toomey v. Supreme Lodge, 147 Mo. 129; Knights Templar v. Berry, 50 Fed. Rep. 511; Jarman v. Knights Templar, 95 Fed. Rep. 70.   (3) A fraternal benefit society which has not complied with the provisions of the act which will admit it to do business in the state can not claim exemption from liability in case of suicide.   Knights Templar v. Berry, 50 Fed. Rep. 511; Toomey v. Supreme Lodge, 74 Mo. App. 507; Jarman v. Knights Templar, 95 Fed. Rep. 70.   (4)   And by the express provisions of section 2824, Revised Statutes 1889, neither domestic nor foreign companies are entitled to the benefit of sections 2823 and 2824, until they have actually been incorporated in this state under the provisions thereof. Toomey v. Supreme Lodge, 74 Mo. App. 507.   (5)   Section

58 of the laws of defendant, which was pleaded in its answer, can only be construed to be prospective in their operation. This section was enacted May 1, 1897, two years after the issuance of the policy here sued on and only provides for the forms of certificates to be thereafter issued. The language is, "shall be made a part of every benefit certificate." Jarman v. Knights Templar, *supra*, and cases cited under point 2. (6) A change in by-laws can have no application to a certificate previously issued. Hysinger v. Supreme Lodge, 42 Mo. App. 627; Grand Lodge v. Sater, 44 Mo. App. 445; Hoffman v. Muench, 59 Mo. App. 20; Jarman v. Knights Templar, *supra*.

ELLISON, J.—The defendant society is a fraternal order, incorporated under the laws of the state of Nebraska. In July, 1895, plaintiff's husband became a member thereof and there was issued to him a benefit certificate of insurance for $2,000 payable to plaintiff on his death. He died in October, 1898, and demand was made on defendant, after due proof of death, to make an assessment for the payment of the certificate. Defendant refused and plaintiff brought this action stating these facts.

Defendant's answer set up its being a Nebraska corporation and that it was authorized to do business in the state of Missouri as a secret benevolent beneficiary association. That its method of doing business in pursuance of its constitution and by-laws was to organize subordinate camps or lodges in various localities and receive members who filled the requirements of the order. That the defendant was the supreme lodge with power and authority to make all laws, rules and regulations for the government of the fraternity and its membership. That by its constitution and by-laws in force on the first day of May, 1897, and at all times thereafter it was and is provided as follows:

"The following conditions shall be made a part of every beneficiary certificate and shall be binding upon both member and order: 'That if the member meets death by his own hand or act, whether sane or insane, his beneficiary certificate shall be null and void and of no effect, and all rights and benefits which may have accrued on account thereof shall be absolutely forfeited without notice or service.'" Defendant states that the beneficiary certificate sued on recites on its face, "that it is issued and accepted subject to all laws, rules and regulations then in force or thereafter enacted." And that plaintiff's husband died, at the date stated in the petition, by committing suicide. The court, on plaintiff's motion, struck out that portion of the answer setting up the by-laws and the acceptance of the certificate which we have placed in quotation marks. The defendant refused to plead further and judgment was rendered for plaintiff.

Plaintiff claims that the fact of deceased having committed suicide is no defense. The general statute, section 5855, Revised Statutes 1889, provides that in actions on insurance policies issued by any company doing business in the state, suicide shall not be a defense unless the policy was taken out with a view to suicide; and it is not pretended that deceased had such intention at that time. But fraternal societies are, in another statute, exempted from the provisions of that act. Sec. 2823, R. S. 1889. So, if the latter section applies to defendant it may plead and prove suicide in defense and the court's action was erroneous.

But plaintiff contends it does not apply to this defendant for the reason that it is a nonresident corporation and that the exempting section (2823) only applies to domestic corporations and therefore section 5855 disallowing defense of suicide applies to defendant, and cites in support of this the case, decided by St. Louis Court of Appeals, of Toomey

v. Supreme Lodge, 74 Mo. App. 507. Defendant answers this by contending that that case was overruled, in this respect, by the Supreme Court, on transfer to that court, in 147 Mo. 129.

It will be noticed that section 5855 applies to any general life insurance "company doing business in this state," that is, whether foreign or domestic. But section 2823, excepting fraternal companies from the operation of section 5855, shows from the language that it only contemplates home companies. Besides, as is pointed out in Toomey v. Supreme Lodge, *supra*, the history of the legislation of the state, on this subject, shows that foreign companies or associations were purposely omitted from section 2823. The case of Toomey v. Supreme Lodge, as before stated, was in the supreme court on transfer from the St. Louis Court of Appeals (147 Mo. 129) and we can not find any ground for defendant's contention that it was overruled in the latter court. The latter court came to the same conclusion announced by the court of appeals, and though arriving at that conclusion by a different process of reasoning, the opinion of the former court, in the respect here considered, was in no wise questioned. The remark of the court that the liability of the defendant in that case "depended upon the class to which it belonged" was made in the course of drawing the distinction between the three classes of insurance in this state. Considering the approval given to the reasoning of the opinion of the court of appeals, it can not be supposed that the Supreme Court intended by that remark to state that a foreign fraternal association would be exempt from section 5855 without first having complied with the statute relating to foreign companies.

But by the act of 1897 (Laws 1897, p. 132) it was provided that, on compliance with certain provisions therein, foreign companies would be exempted from the provisions of

section 5855. In other words, the privilege of exemption from the section just cited was extended to foreign companies. But that law, though enacted before the deceased's death, was long after the contract was made between him and defendant. There is nothing in that law to show that it was intended to operate on existing contracts and it will not be construed to be retrospective unless clearly so intended. Fisher v. Patton, 134 Mo. 52; Reed v. Swan, 133 Mo. 100; Leete v. Bank, 115 Mo. 184. We, therefore, leave it out of consideration and hold this case to be governed by the statute in force when the contract was made.

But defendant claims that conceding the law of 1897 is not applicable to this contract, and that sections 2823 and 2824 of the general statutes are likewise not applicable, yet it may still claim the right to defend for suicide on the ground that by force of its by-law which the court struck out of the answer, and by which deceased, as a member, was bound, it was declared that suicide should render the certificate of insurance void. We reject this view for two reasons: First, when we place the certificate or policy issued by defendant outside the protection of either section 2823 or the law of 1897, it necessarily falls under section 5855, which, as we have seen, declares that a policy issued by "any company doing business in this state" shall not be open to the defense of suicide. Defendant certainly is such a company and must fall within the section; second, the by-law relied upon which was stricken from the answer clearly refers to certificates thereafter issued. It does not refer to those already in existence. What we have said as to the presumption against retrospective laws will apply to the by-laws of a corporation.

But it is said that the certificate issued to deceased contained a stipulation that he should be bound by any law of the association passed thereafter. If we grant the power to

hold him to such agreement, the by-law itself, as we have just shown, does not purport to affect a certificate issued prior to the by-law. It was only intended for members who should take out certificates after the by-law was enacted.

On the whole record we think the judgment should be affirmed. *Smith, P. J.,* concurs; *Gill, J.,* absent.