## George Grimme v. Martha Grimme.

101   389
|a198s 265

1. BENEFICIARY ASSOCIATIONS—*Eligibility of Beneficiaries to be Determined by Reference to the Laws in the State Where the Association is Organized.*—When a controversy arises between the beneficiaries of a beneficiary association, in which the eligibility of one or more of them is questioned, their eligibility is to be determined by reference to the laws of the State where such association is organized.

Bill of Interpleader.—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed March 31, 1902.

CHARLES LANE, attorney for appellant.

JAMES R. WARD, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The appellee, Martha Grimme, was married to William F. Grimme in November, 1887, and William F. Grimme departed this life June 22, 1900. The Supreme Lodge of Mutual Protection, a fraternal association incorporated under the laws of the State of Missouri, October 14, 1894, issued to William F. Grimme, on his application, a certificase of membership in the association, which contains the following :

"That the Supreme Lodge will, upon his death, provided he has, while a member, complied with the charter, constitution, laws and regulations of the order, pay from the widows' and orphans' protection fund the amount of one assessment, not to exceed, however, the sum of two thousand dollars, to his wife, Martha Grimme, unless this certificate should be by him revoked."

Subsequently, June 6, 1900, on the application of William F. Grimme to have the certificate of October 14, 1890, canceled and a new certificate issued in lieu thereof, the association issued to him a certificate by which the insurance money is made payable to Martha Grimme and to George Grimme, the father of William F. Grimme, after the death of William F. Grimme.

The appellant and the appellee made conflicting claims for the sum insured, and the Supreme Lodge of the Order of Mutual Protection filed a bill of interpleader against Martha and George Grimme, praying that their conflicting claims might be settled, and admitting its liability to pay to whomsoever might be entitled thereto the sum of $1,719.20. The defendants, George Grimme and Martha Grimme, set up, by their pleadings, their respective claims, and the cause was heard by the court on evidence produced and the testimony of witnesses heard in open court. The court found that certificates were issued by the complainant as heretofore stated; that the certificate of June 7, 1900, was duly issued to and accepted by William F. Grimme and retained

by him till his death; that he left him surviving his father, George Grimme and Martha Grimme, his wife, and no child or descendant of any child; that George Grimme was not, at or before, or at any time subsequent to the issuing of the certificate of June 7, 1900, dependent on the said William F. Grimme; that the said William F. Grimme was in ill health and penniless, and for several years prior to and down to the time of his death had lived with his father, George Grimme; that, under the charter, constitution and laws of the complainant, in force at the death of the said William F. Grimme, and by reason of the laws of descent of the State of Illinois, the defendant, Martha Grimme, became and is now entitled to the whole amount payable on said certificate, and that the defendant, George Grimme, was and is ineligible to take as beneficiary under said certificate, and is not entitled to any portion of said fund. The certificate referred to in the language quoted is the certificate of June 7, 1900. The decree concludes thus:

" It further appearing to the court that the complainant, Supreme Lodge Order of Mutual Protection, on April 10, 1901, in pursuance of an order of this court heretofore entered in the above entitled cause, deposited with the Northern Trust Company the sum of $1,719.20, subject to the order of this court, it is, therefore, ordered, adjudged and decreed that, and the Northern Trust Company is hereby directed, to pay over to Martha Grimme, or James R. Ward, her solicitor, said sum of $1,719.20, and the accrued interest thereon, if any, less the sum of $87.20 clerk's and sheriff's costs and solicitor's fees allowed to the complainant, which sum of $87.20 the said Northern Trust Company is directed to pay to the complainant, or its solicitor. Thereupon it is ordered the said Northern Trust Company be and it is hereby discharged from all liability on account of said fund."

The court's findings of fact are fully sustained by the evidence, and the question of law presented by the record is, whether George Grimme, the appellant, was eligible as a beneficiary. The Supreme Lodge of Mutual Protection being a Missouri corporation, the question whether he was so eligible must be determined by reference to the laws of

Missouri, and the charter, or articles of association of the corporation. The Supreme Lodge of Mutual Protection was incorporated May 5, 1880. Its charter was amended in April, 1884, but the amendment is immaterial to the question presented. The objects of the corporation are specified in the charter, among which is the following:

"2d. To provide means from the proceeds of assessments upon its members wherewith to assist its sick and disabled members, and for the relief and aid of the families, widows, orphans or other dependents of its deceased members."

Other objects are specified in the charter, but none of them has any relevancy to the eligibility of beneficiaries.

December 1, 1894, the order became re-incorporated in pursuance of the provisions of article 10, chapter 42, of the Revised Statutes of 1889 of the State of Missouri. One of its specified objects was identical in all respects with the object above mentioned in its 1880 charter. The constitution and statutes of Missouri, hereinafter referred to, were put in evidence. The constitution of the State of Missouri, in force when the association was incorporated and when it was re-incorporated, contained the following provision:

"No corporation shall engage in business other than expressly authorized by its charter, or the law under which it may have been, or hereafter may be organized." Rev. Stat. 1899 (Mo.) Vol. 1, p. 111, Sec. 7.

The statutes of the State of Missouri, when the association was incorporated and down to and including the year 1899, contained substantially the following provision:

"Any number of persons, not less than three, who shall have associated themselves by articles of agreement in writing, as a society, company, association or organization, formed for benevolent, religious, scientific, fraternal, beneficial or educational purposes, may be consolidated and united into a corporation. Such articles of agreement may be organic regulations, or a constitution, or other form of association, and any corporate name, not already assumed by another corporation, may be chosen as the title of the corporation; Provided, always, that the purpose and scope of the association be clearly and fully set forth." Rev.

Stat. (Mo.) 1897, p. 178, Sec. 970; Rev. Stat. (Mo.) 1899, Vol. 1, p. 451, Sec. 1394.

Section 972 of the Revised Statutes of 1879 of Missouri is as follows:

" The associations and societies of the character referred to and mentioned in section nine hundred and seventy may also include in their corporate powers the privilege of providing for the relief and aid of the families, widows, orphans or other dependents of their deceased members, or for assisting such as may be sick or disabled, from the proceeds of assessments upon the members of such society or association." Rev. Stat. (Mo.) 1879, p. 178.

Section 3823 Rev. Stat. 1889 of Missouri, Vol. 1, p. 720, is substantially the same as the last section quoted, except that the word kindred is inserted between the words " other " and " dependents," so that the reading is, " other kindred dependents."

George Grimme not having been in any way dependent on his father, William F. Grimme, deceased, nor a member of William F. Grimme's family, and the laws of Missouri and the articles of association of the Supreme Lodge, Order of Mutual Protection, being as stated, the conclusion seems inevitable that George Grimme was not eligible as a beneficiary when the certificate of June 7, 1900, was issued. Appellant's counsel, however, contend that an act of the legislature of Missouri, approved March 6, 1897, and in force June 22, 1897, Session Laws Mo., 1897, p. 37, is applicable. Section 1 of the act of 1897 provides, *inter alia:*

"Payments of death benefits shall be to the families, heirs, blood relatives, affianced husband or affianced wife of, or to persons dependent upon the member."

Sections 2, 7 and 15a of the act are as follows:

" Sec. 2. All such associations coming within the description as set forth in section 1 of this act, organized under the laws of this or any other state, province or territory, and now doing business in this State, may continue such business, provided that they hereafter comply with the provisions of this act regulating annual reports and the designation of the superintendent of the insurance department as the person upon whom process may be served, as hereinafter provided."

"Sec. 7.   Fraternal beneficial associations shall be incorporated in manner as now is or may be hereafter provided by law."

"Sec. 15a.   Sections 2823 and 2824 of the Revised Statutes of Missouri are hereby repealed and one new section is hereby enacted in lieu thereof, to read as follows:

Sec. 2823.   Any such society, order or association heretofore or hereinafter incorporated under the provisions of the laws of this State, may avail itself of the benefits of the foregoing section by amending its constitution or articles of association or re-incorporate thereunder, or by an amended constitution or amended articles of association in the manner prescribed by this act."

Section 15a is the last section of the act.   The sections not quoted are not relevant to the question under consideration.   The order made annual reports, as provided by section 8 of this act, but did not amend its constitution or articles of association, or re-incorporate under the act. It did nothing contemplated by amended section 2823. The laws of the State of Missouri provide that a fraternal beneficial association might become incorporated, or might amend its articles of association by proceedings in the Circuit Court having jurisdiction in the city or county in which the association was located.   Rev. Stat. (Mo.) 1873, Vol. 1, pp. 178, 179, Secs. 971, 974; Rev. Stat. (Mo.) 1869, Vol. 1, pp. 719, 721, Secs. 2822, 2826; Rev. Stat. (Mo.) 1899, pp. 451, 452, Secs. 1395, 1398.

This is not controverted.   The contentions of appellant's counsel are, that, under section 2 of the act of 1887, the order having made annual reports, etc., as provided by that section, it became entitled to the benefits mentioned in the act, and therefore, appellant being a blood relative of William F. Grimme, deceased, he was eligible as a beneficiary, and that, to entitle it to the benefits of the act, it was not necessary to comply with the provisions of amended section 2823.   We think this view erroneous. Section 2 of the act applies not only to Missouri corporations existing at the date when it took effect, but to corporations organized under the laws of other states and doing business in the State of Missouri.   The same language

is applied to both classes of corporations, and therefore can not reasonably be construed as affecting one class only. Manifestly, it could not have been intended by the Missouri legislature to vest corporations foreign to that state with powers not conferred by their charters or the laws of the states, respectively, where they were organized. This view is emphasized by amended section 2823, which, in terms, confines the benefits of the act to associations incorporated, or thereafter to become incorporated, under the laws of Missouri, and which should comply with the provisions of the section. The words, "may continue such business," in section 2, clearly refer to the business for which the corporations were organized and were engaged in prior to the time when the act became a law. But there is another and insuperable objection to the construction contended for by appellant's counsel. If, by compliance with section 2 of the act of 1879, a corporation becomes vested with the powers and benefits conferred by the act, amended section 2823 is superfluous and meaningless. To so construe the statute would be in violation of the fundamental rule that effect must, if possible, be given to its every word; that the construction must be such *ut res magis valeat, quam pereat.* 1 Cooley's Blackstone, p. 88, parag. 5; Endlich on the Interpretation of Statutes, Sections 23 and 265; Porter v. R. R. Co., 76 Ill. 561, 573.

To construe section 2 of the act as relating only to the business in which corporations existing prior to the taking effect of the act, and section 2823 as requiring domestic corporations to comply with its provisions, as a condition precedent to the enjoyment of the privileges conferred by the act, is the only construction which will make both sections effective.

Appellant's counsel rely on Supreme Council, etc., v. Neidlet, 81 Mo. App. 598. In that case the Supreme Council of Legion of Honor, a fraternal association, issued to Guy G. Renick, February 28, 1894, a certificate of membership in the order in which Anne R. Neidlet was named as beneficiary. Renick died March 12, 1898. There was a

contest in respect to the claim against the order between Mrs. Neidlet, the beneficiary, and sister of the deceased, and Guy R. Renick, the heir at law of the deceased. Mrs. Neidlet claimed as beneficiary and as a member of the family of the deceased. Under the law in force when the certificate was issued, Mrs. Neidlet was not eligible as a beneficiary. The order had not re-incorporated under, or amended its charter of association as provided by section 2823, as amended by the act of 1897; yet the court held that the act of 1897 applied to the order, and that the act being in force at the time of the death of Guy G. Renick, Mrs. Neidlet was an eligible beneficiary, and entitled to the death benefits. The effect of the decision is to render nugatory, amended section 2823. The court not only held that the act of 1897 applied to the order, without compliance with amended section 2823, but gave to the act a retrospective operation as to the certificate issued February 28, 1894, contrary, as it would seem, to the decision of the same court in Huff v. Woodman, 85 Mo. App. 96, 101–2. While entertaining all proper respect for the decisions of the Missouri Court of Appeals, which is a court subordinate to the Supreme Court of Missouri, we can not, for reasons heretofore stated, concur in its interpretation of the act of 1897.

Counsel for appellant contend that if appellant was not an eligible beneficiary, as not being dependent on his father, William F. Grimme, he was eligible, under the act of 1879, as a member of his family. The evidence tends to prove that for several years prior to his decease, William F. Grimme had no money nor property, and that he lived with appellant, his father. In other words, that William F. Grimme was a member of the family of appellant, and that appellant was not a member of his family before or at the time the certificate of June 7, 1900, was issued. The words of the act of 1879 are: "For providing for the relief and aid of the families * * * of their deceased members." The decree will be affirmed.