STATE ex rel. WILLIAM KANE, Plaintiff in Error,
v. KNIGHTS OF FATHER MATTHEW et al.,
Defendants in Error.

**St. Louis Court of Appeals, March 5, 1912.**

FRATERNAL BENEFICIARY ASSOCIATIONS: Right to Restrict
Beneficiaries to Certain Classes: Statute. Section 7109, Re-
vised Statutes 1909, which provides that, "Payments of death
benefits shall be to the families, heirs, blood relatives, affianced
husband or affianced wife of, or to persons dependent upon, the
member," does not require fraternal beneficiary associations to
change the beneficiary in a policy, at the instance of insured, to
a person embraced within one of the specified classes but who
is forbidden to be a beneficiary under the by-laws of the associa-
tion; and such associations may provide by their by-laws that
beneficiaries shall be confined to persons belonging to any
one or more of the classes specified by the statute and that
persons belonging to any of the others of such classes shall be
excluded.

Error to St. Louis City Circuit Court.—*Hon. Daniel
D. Fisher*, Judge.

AFFIRMED.

*Lee A. Hall* for plaintiff in error.

(1) Neither the member of these benefit associa-
tions working under the lodge system nor their bene-
ficiaries have any vested interest in the fund or the
certificate prior to the death of the member. Wester-
man v. Supreme Lodge, 196 Mo. 670; Wells v. Mu-
tual Ben. Assn., 126 Mo. 630; Sullivan v. Knights of
Father Matthew, 73 Mo. App. 43; Masonic Ben. Assns.
v. Bunch, 109 Mo 560. (2) Persons who are members
of these orders working under a lodge system are en-
titled to designate persons included in any of the
classes of persons designated by our statute (Sec.
7109) as beneficiary under their certificate. Legion

of Honor v. Niedlet, 81 Mo. App. 598; Koerner v. Grand Lodge, 38 Mo. App. 543; Denis v. M. B. A., 119 Mo. App. 210. (3) And this without regard to whether or not the act of 1907 (section 1, Laws 1897, page 132, now section 7109, R. S. 1909) was or was not accepted by such fraternal order working under the lodge system, though organized under the fraternal laws of Missouri prior to the passage of said act. Legion of Honor v. Niedlet, 81 Mo. App. 598; Herts-berg v. Brotherhood, 110 Mo. App. 328; Koerner v. Grand Lodge, 38 Mo. App. 543; Baltzell v. M. W., 98 Mo. App. 153; Lloyd v. W. of W., 113 Mo. App. 19. (4) Respondent order is a fraternal order working under the lodge system. Smith v. Knights of Father Mathew, 36 Mo. App. 184. (5) Mandamus is the proper remedy to compel the issuance of a new certificate to relator payable to the beneficiary designated by him. Lysart v. O. S. Assn., 55 Mo. App. 538; State ex rel. Campbell v. Cramer, 96 Mo. 75; Lloyd v. W. O. W., 113 Mo. App. 19; Legion of Honor Niedlet, 81 Mo. App. 598.

*O'Neill Ryan for* defendant in error.

The respondent, although having the right to extend its beneficiary class to the full limit provided for by Section 7109, Revised Statutes 1909, and not having the right to go beyond that limit, is not obliged to so extend. The relator must designate as his beneficiary a person occupying a relation within the scope and purpose of the society. Westerman v. Supreme Lodge, 196 Mo. 670; Lloyd v. M. W. of A., 113 Mo. App. 19; Pauley v. M. W. of A., 113 Mo. App. 437; Dennis v. M. B. of A., 119 Mo. App. 210; Armstrong v. M. B. of A., 132 Mo. App. 171.

CAULFIELD, J.—Proceeding on writ of error. Error is assigned to the action of the trial court in denying a peremptory writ of mandamus compelling

the respondents, a fraternal beneficiary association and its proper officers, to permit the relator, a member in good standing, to change the beneficiary named in his benefit certificate to one, who, though a blood relative within the meaning of the statute (R. S. 1909, Sec. 7109), is not a member of his family or dependent upon him within the meaning of the laws of the respondent association. Such laws contemplate that the assessment of its members shall be for the sole purpose of providing for the "family or the dependent" of deceased members, and that no one shall be named or substituted as beneficiary in any benefit certificate except one who is of the family of the member or dependent upon him. The statute and the laws of the association were as herein indicated, both at the time relator became a member of the association and at the time he sought to change his beneficiary.

Respondent contends that the relator had no right, contrary to the laws of the association, to change his beneficiary to one not a member of his family and not dependent on him, and therefore that it should not be compelled to permit such a change to be made. Relator contends that notwithstanding the laws of the association forbid, he had the right to change his beneficiary to a blood relative within the meaning of the statute because the statute is mandatory and governs and overrides the laws of the association in that respect. The statute, so far as it concerns this appeal, reads as follows:

Section 7109. Fraternal Beneficiary Association, What is—Government of—Benefit Fund—Benefits, to be Paid to Whom.—A fraternal beneficiary association is hereby declared to be a corporation, society or voluntary association, formed or organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit. Each association shall have a lodge system, with ritualistic form of work, and representative form of government, and shall

make provisions for the payment of benefits in case of death, and may make provisions for the payment of benefits in case of sickness, temporary or permanent physical disability, either as the result of disease, accident or old age: Provided, the period in life at which payment of physical disability benefits on account of old age commences shall not be under seventy years, subject to their compliance with its constitution and laws. The fund from which the payment of such benefit shall be made, and the fund from which the expenses of such association shall be defrayed, shall be derived from assessments or dues collected from its members. *Payments of death benefits shall be to the families, heirs, blood relatives, affianced husband or affianced wife of, or to persons dependent upon the member.* Such association shall be governed by this article, and shall be exempt from the provisions of the insurance laws of this state, and shall not pay a corporation or other tax, and no law hereafter passed shall apply to them unless they be expressly designated therein."

We have italicized the particular language which relator relies upon for his alleged right. We do not regard this language as being intended to compel fraternal beneficiary associations to so *extend* their operations as to provide benefits for *all* the classes designated. It is true that the use of the word "shall" indicates a command, but the use of the word "or" as a connective of the·classes designated shows that the command is in the alternative, and leaves it optional as to which of such classes shall be made beneficiaries. In order to comply with such a command, alternative as it is, the association need not stand ready to pay benefits to all the classes designated, but it is sufficient if it provides for such payment to any one of such classes, excluding all the others from the scope of its benevolent operations. We are the more inclined to this view because we look upon the command in

question as being a restrictive command. Such associations are exempted from certain burdens, which are imposed on old line insurers, because they are more restricted in their insurance operations. They are permitted to do only a limited kind of insurance. Among the limitations placed upon them in this respect is this one, that their "payments of death benefits shall be to the families, heirs, blood relatives, affianced husband or affianced wife of, or to persons dependent upon the member." They must not issue certificates naming beneficiaries outside of these classes. If they do they become liable on such certificates as old line companies and may lose the right to do business as fraternal associations. If they observe the restrictions imposed they are given the coveted exemptions. Now if, in using this language, it was the purpose of the Legislature to restrict the field of operations of these associations, as we conclude it was, then it is manifest that the same language ought not to be construed to forbid them from further narrowing such field of their own volition. The same language ought not to be construed to restrict and at the same time to forbid restriction, unless the intention to do both is manifest. Here such intent to forbid is negatived by the language used, for, as we have observed, it commands, not that the payment of benefits shall be to all the classes designated, but that it shall be to one or another or one or more of such classes. Relator's construction of the statute, if adopted by us, would drive out of the insurance business all fraternal beneficiary associations refusing to provide for affianced husbands, affianced wives, and blood relatives, even of a remote degree, for these are among the classes designated, and relator contends that provision must be made for all. We cannot believe that these three classes are such favorites of the law that the Legislature intended to force provision for them by such drastic measures. Surely such unusual solici-

tude for affianced husbands would be clearly expressed, and it is not clearly expressed here. To the contrary, as we have said, the language negatives the idea.

We are of the opinion that the Legislature intended to confine these associations to the classes of beneficiaries designated, but not to compel them to provide for all of them. The decision in the case of Supreme Council L. of H. v. Neidlet, 81 Mo. App. 598, and the other cases cited by the relator are not in conflict with these views.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.