GEORGE SCHMIDT et al., Respondents, v. SUPREME COURT UNITED ORDER OF FORESTERS, Appellant.

**St. Louis Court of Appeals, June 8, 1915.**

1. **APPELLATE PRACTICE: Law of Case.** A decision by the Supreme Court is the law of the case and is binding on a Court of Appeals, on a subsequent appeal.

2. **FRATERNAL BENEFICIARY ASSOCIATIONS: Not Licensed to do Business When Policy Issues: Suicide as Defense: Statutes.** A provision in a policy issued to a citizen of this State by a fraternal beneficiary association organized under the laws of another State, that suicide shall be an absolute bar to any recovery thereon by his beneficiaries, will not defeat a recovery, where the company was not licensed to do business in this State at the time the policy was issued but was so licensed when the insured committed suicide; for, under such circumstances, the policy is governed by Sec. 6945, R. S. 1909, which provides that suicide shall be no defense, unless it be shown that insured contemplated suicide at the time he made his application for the policy, since Sec. 6962, exempting fraternal beneficiary associations from the provisions of the general statute (Sec. 6945) applies to such associations only as were "doing business in this State" at the time the policy was issued —that is, were licensed to do business in the State as the act authorizes and requires; following Schmidt v. Foresters, 228 Mo. 675.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

AFFIRMED.

*Douglas W. Robert* for appellant; *Robert & Robert* of counsel.

(1) The insured agreed that the laws of the order in force at the time of his death should determine the rights of the beneficiaries and the obligations between the order and its members and that his rights should be limited by the laws then in force or which might

afterwards be adopted. Such an agreement is valid, and an after-adopted suicide law is binding. Westerman v. K. P., 196 Mo. 740; Lewine v. K. P., 122 Mo. App. 557; Pearson v. Indemnity Co., 114 Mo. App. 290; Richmond v. Supreme Lodge, 100 Mo. App. 8; Morton v. Supreme Council, 100 Mo. App. 94; Morton v. Royal Tribe, 93 Mo. App. 78; Toomey v. Supreme Lodge, 74 Mo. App. 517; Niblack, Ben. Soc. (2 Ed.), p. 274; 1 Bacon, Ben. Soc. (3 Ed.), sec. 188. (2) The application, the certificate and the by-laws of the respondent formed the contract. Gallop v. Royal Neighbors, 167 Mo. App. 85; Richmond v. Supreme Lodge, 100 Mo. App. 19; Laker v. Royal Union, 95 Mo. App. 353; Slater v. K. & L. H., 76 Mo. App. 387; Sheele v. Lodge, 63 Mo. App. 277; State ex rel. v. Benev. Soc., 42 Mo. App. 485-488; Grand Lodge v. Sater, 44 Mo. App. 452; Mulroy v. K. of P., 28 Mo. App. 472; Grand Lodge v. Elsner, 26 Mo. App. 117. (3) No rights accrue in a fraternal beneficiary certificate until after the death of the member. Lewine v. K. P., 122 Mo. App. 554; Grand Lodge v. McFadden, 114 Mo. App. 191; 213 Mo. 269; Richmond v. Supreme Lodge, 100 Mo. App. 8; Morton v. Royal Tribe, 93 Mo. App. 78; Legion of Honor v. Niedlet, 81 Mo. App. 598; Toomey v. Supreme Lodge, 74 Mo. App. 517; Masonic Ben. Assn. v. Bunch, 109 Mo. 579. (4) The agreement making the answers warranties is valid. If the answers are false it is a good defense, for the warranty must be literally true. McDermott v. Woodmen, 97 Mo. App. 636; Van Cleve v. Casualty Co., 82 Mo. App. 688; Ashford v. Insurance Co., 80 Mo. App. 638; Aloe v. Insurance Co., 164 Mo. 675; Aloe v. Insurance Co., 147 Mo. 571; Whitmore v. K. & L. of H., 100 Mo. 36. (5) The pleadings fail to allege, and there is no proof, that Charles H. Fosz was a citizen of the State of Missouri at the time the certificate was issued to him. The motion in arrest of judgment should therefore have been sustained. Sec. 7890, R. S. 1899 (sec. 6937, R. S.

1909); Sec. 7896, R. S. 1899 (sec. 6945, R. S. 1909); Kroge v. Brotherhood, 126 Mo. App. 693.

*W. F. Heideman* for respondents.

(1) The fact that Fosz agreed that the laws of the order in force at the time of his death should determine the rights of his beneficiaries and the obligations between the order and himself, and that his rights should be limited by the laws then in force or which might afterwards be adopted, was considered and determined by this court at the first appeal of this case, and therefore, is *res adjudicata.* Schmidt v. United Order of Foresters, 228 Mo. 675; Keith v. Keith, 97 Mo. 223; Esler v. Railroad, 115 Mo. App. 574; Lawson v. Spencer, 90 Mo. App. 514; Ashby v. Gravel Road Co., 111 Mo. App. 79; Carey v. West, 165 Mo. 452. (2) (a) Under the pleadings the question of whether the insured was a citizen of Missouri was not in issue. Anderson v. Watts, 138 U. S. 694. (b) Appellant is bound by the case made in the circuit court. Ice & Cold Storage Co. v. Kuhlmann, 238 Mo. 701; Stonemets v. Head, 248 Mo. 243; State ex rel. v. Muench, 217 Mo. 124; Lucas v. Cella, 115 Mo. App. 395; Kilpatrick v. Wiley, 197 Mo. 123. (c) It was not necessary under the pleadings to offer evidence to prove that the insured was a citizen of Missouri; nevertheless, defendant itself offered evidence conclusively proving such fact. Kroge v. Modern B. of Am., 126 Mo. App. 693. (d) Sections 7890 and 7896 of the Revised Statutes of Missouri of 1899, are statutes of exemption, and must be specifically pleaded to be available to defendant (appellant). (3) Appellate courts will disregard such errors as produce no injury. Bragg v. Railroad, 192 Mo. 331; Cross v. Gould, 131 Mo. App. 585; Stumpe v. Kopp, 201 Mo. 412; Mann v. Doerr, 222 Mo. 1-15; Amelio v. Whitman, 127 Mo. App. 698;

Woody v. Railroad, 104 Mo. App. 678; Hanley v. Holton, 120 Mo. App. 393.

ALLEN, J.—This is an action to recover the proceeds of a certificate of insurance, to-wit, $1000, and interest thereupon, issued to one Fosz, a citizen of this State, on December 1, 1911, by the defendant, chartered by the State of Wisconsin as a fraternal beneficiary association. The insured died by suicide on the 15th day of May, 1903.

At the time of the issuance of the certificate here sued upon defendant had not complied with the laws of this State as a fraternal association; but on January 6, 1902, it did comply with such laws, and thereafter, and until the death of the insured, was licensed to do and did do business in this State as such.

·The application of the insured, and defendant's by-laws in force at the time, both of which are made a part of the contract of insurance, provide that such contract shall be void in case the insured shall take his own life. The insured also agreed in his application that the laws of the order in force on the day of his death should determine the rights of his beneficiaries; and that the application and all rights and privileges accruing to the insured or his beneficiaries thereunder, should be limited by and subject to the laws, rules and regulations of the defendant order then in force or which might thereafter be enacted or adopted by it.

This suit was instituted in the circuit court of the city of St. Louis on November 10, 1903. From a judgment for defendant plaintiff appealed to this court where the judgment was affirmed (see Schmidt v. Foresters, 124 Mo. App. 165, 101 S. W. 625), but the case was certified to the Supreme Court on the ground that the decision was in conflict with that of the Kansas City Court of Appeals in Huff v. Woodmen, 85 Mo. App. 96. The Supreme Court, however, held that this court was in error, reversed the judgment of the cir-

cuit court and remanded the cause for a new trial. [See Schmidt v. Foresters, 228 Mo. 675, 129 S. W. 653.] The defendant then filed an amended answer in which it undertook to bring into the case certain constitutional questions. Another trial in the circuit court, proceeded with in accordance with the said opinion of the Supreme Court, resulted in a verdict and judgment for plaintiff, and defendant thereupon appealed to the Supreme Court; but that court declined to take jurisdiction of the appeal, for reasons that will appear by reference to its opinion in Schmidt v. Order of Foresters, 259 Mo. 491, 168 S. W. 626, and transferred the case here.

The defense, aside from a matter which need not be noticed, was that of suicide. As to this, plaintiffs have insisted that, since defendant had not complied with the laws of this State as a foreign fraternal beneficiary association at the date of the contract, its position in this State was that of an old-line insurance company, and that the contract was therefore controlled by what is now section 6945, Revised Statutes 1909, providing that suicide of an insured shall be no defense in an action on a policy of insurance unless it is shown that the insured contemplated suicide at the time of his application for the insurance, and declaring void any stipulation in the policy to the contrary; and that a subsequent compliance with our laws by defendant could not alter or affect the character of the contract in this respect. Defendant, on the other hand, has insisted that by complying with the laws of this State, as a foreign fraternal association, after the execution of the contract of insurance and prior to the death of the insured—who had agreed that the laws of the order in force at his death should determine the rights of his beneficiaries and that all rights under the contract should be subject to such laws of the order as might thereafter be enacted or adopted—defendant became entitled to the benefit of what is now section

6962, Revised Statutes 1909, exempting fraternal beneficiary associations from the operation of the suicide statute. (Sec. 6945, supra).

In its brief filed with us since this appeal has been transferred here, appellant says:

"We present but one question in this appeal, and that is whether or not Fosz and the Supreme Court of the United Order of Foresters could contract that the laws of the order in force at the time of the death of the appellant, shall determine the rights under the contract; and their right to contract that the contract shall be limited by, and subject to, all laws in force, or which may be afterwards enacted; and especially so when the order reserved the right and power to make changes in the existing laws, and said existing laws provide that all certificates shall be forever subject to said reserved right and power; and further with such a contract in existence did not the obtaining a license to do business in Missouri have the effect of reading the fraternal beneficiary law into the contract and changing it by giving full force and effect to the suicide by-law which was already in existence at that time."

But the question which appellant asks us to review is one which had been entirely disposed of and foreclosed by the decision of the supreme court in this case. [Schmidt v. Forester, 228 Mo. 675, 129 S. W. 653.] The effect of the subsequent compliance with our law is there fully discussed, and the court *inter alia,* says:

"Nor is it unreasonable to say, as was said in the Jarman case, that the defendant in the case at bar cannot claim the benefits of an exemption provided by a law, until such time as it places itself in a position to claim the benefits of the law. It cannot claim the benefits of the law merely because its contracts are of the character mentioned in the law, but to claim the exemption given it must come in under the law, and

make its contract under the law. If it does that, then the law is read into and becomes a part of the contract, but until it does do that the general law is and must be read into each and every one of its contracts made with a citizen of Missouri. Not only so, but if such general law once becomes a material constituent part of the contract, it cannot be eliminated therefrom by the subsequent act of the defendant. And we are of opinion that the suicide statute is substantial law, and not merely a statute of procedure.''

And again the court says: ''When the association elects as to which contract it will make, as did defendant in this case, then that contract is fixed in character by the statutes which must be read into it at the time of the making, and not by statutes subsequently passed, or by statutes already passed but which are unavailing because of the fact that the association was not in position to write such contracts into the contract.''

It is clear that the decision of the Supreme Court, supra, which is the law of this case, has altogether settled the question which we are now asked to pass upon. The contention appears to be that the Supreme Court has made no decision as to the effect of the stipulations aforesaid in the application for insurance, when considered in connection with defendant's by-laws. But the application and the by-laws were before that court, and its judgment settles all questions regarding the effect thereof upon the right of defendant to maintain the defense of suicide in this case. Furthermore, if, as the Supreme Court holds, our suicide statute was read into and became an integral part of this contract when made, and could not thereafter be eliminated by any act of the defendant, it matters not what agreements the insured may have made in his application in any way pertaining to the defense of suicide. His express agreement to the effect that suicide should forfeit the insurance was void. And any agreement on his part regarding the future rights of

his beneficiaries under the contract was equally ineffective, in so far as it pertained to a forfeiture of the insurance because of the suicide of the insured.

It follows that the judgment should be affirmed, and it is so ordered: *Nortoni, J.,* concurs; *Reynolds, P. J.,* following the decisions of our Supreme Court, as noted in the opinion, feels bound to concur in the result, doing so, however, without departing from what he has said in dissent in Orderheide v. Modern Brotherhood of America, 158 Mo. App. 677, 139 S. W. 269, a case now pending and under submission in the Supreme Court.