B. F. SIMCOKE, Appellee, v. GRAND LODGE OF A. O. U. W. OF IOWA, and E. P. MAULSBY, Appellants.

1. **Mutual Benefit Insurance:** CHANGE OF BENEFICIARY: RULES OF ASSOCIATION. The constitution of the defendant lodge provided, that any member desiring to change the beneficiary in his certificate might do so by authorizing such change in writing on the back of his certificate in the form prescribed, attested by the recorder with the seal of the grand lodge attached. *Held,* that where the attestation of the recorder was affixed to a request for a change of the beneficiary under a certificate without in fact witnessing the signature of the member to the request, and a new certificate was issued in pursuance thereof, the new certificate was valid.

2. ———: STEP-FATHER AS BENEFICIARY: CONSTRUCTION OF STATUTE. A certificate in a mutual benefit association made payable to the member's step-father is valid under the provisions of section 7, chapter 65, of Acts of the Twenty-First General Assembly, that no such certificate shall issue unless the beneficiary be the husband, wife, relative, legal representative, heir or legatee of the insured.

*Appeal from Dallas District Court.*—HON. O. B. AYRES, Judge.

THURSDAY, JANUARY 28, 1892.

ACTION on a beneficiary certificate issued by the defendant grand lodge to one Lawrence E. Maulsby, who was a member of the order, with the plaintiff named as beneficiary therein. The issues are of law, arising upon a demurrer to the answer of E. P. Maulsby, who was a brother of Lawrence E. Maulsby, and was the beneficiary named in a certificate that was surrendered to the grand lodge, and in lieu of which the present

certificate was issued. The defendant grand lodge makes no issue as to its liability upon a certificate, but leaves the contention to the plaintiff and the defendant. Maulsby as to the validity of the plaintiff's certificate. The answer of Maulsby presents facts on which it is claimed that the latter certificate is not valid. A demurrer to the answer was sustained, and the defendant Maulsby appeals.—*Affirmed*.

*Willard & Willard* and *T. R. North*, for appellant.

*White and Clark*, for appellee.

Granger, J.—I. The constitution of the defendant order has the following provision:

1. Mutual bene-fit insurance: change of ben-eficiary: rules of association:
"Section 15. Any member holding a beneficiary certificate, desiring at any time to make a new direction as to its payment, may do so by authorizing such change in writing on the back of his certificate in the form prescribed, attested by the recorder, with the seal of the lodge attached, and by payment to the grand lodge of the sum of fifty cents; but no change shall be valid or have any binding force or effect until said change shall have been reported to the grand recorder, the old certificate filed with him, and a new beneficiary certificate issued thereon,—said new certificate to be numbered the same as the old certificate, provided, however, should it be impracticable for the recorder to witness the change desired by the brother, attestation may be made by a notary public, or an officer of a court of record authorized to acknowledge deeds."

On the back of the certificate, in lieu of which the present one was issued, was what purports to be the written authority of the member (Lawrence E. Maulsby) for a new certificate to issue, with the plaintiff as beneficiary, to which was the attestation of the recorder of the lodge, with the seal of the lodge attached; but it is a fact that the recorder was not present to witness the

signature of Maulsby, and because of such fact it is claimed that the second certificate is invalid. The contentions on this branch of the case arise on different views as to what amounts to a proper attestation and the effect thereof.

We experience some difficulty in reaching a conclusion as to how far the defendant Maulsby intends to admit by his answer that the attempt to change the certificate was done by Lawrence E. Maulsby. Taking the answer as a whole we think the proper inference is that it admits that the indorsement on the back of the first certificate was signed by Maulsby, and that the defect consists only in the mode of attestation. We are warranted in resolving the doubts in such a case against the pleader. We have no question, then, but that the request for a change was in fact properly signed, and every requisite necessary for a change complied with, except that the recorder of the lodge did not in fact witness the execution by Maulsby, but affixed his seal and signature to the "attest" "many miles away." The execution was such, that when the certificate was presented to the officers of the grand lodge it was canceled, and a new certificate issued, with a new beneficiary, in accord with the wish and right of Lawrence E. Maulsby. The case is entirely free from fraud or imposition,—facts important to have in view in reaching a just conclusion. We do not find it necessary to determine whether or not, under a strict construction, the recorder, in order for a proper attestation, should have personally witnessed the execution. We give great weight to the fact that a new certificate did issue in harmony with the wish of Lawrence E. Maulsby, and the result was reached by the acts of the only parties then having an interest in the transaction. The attestation, in and of itself, was not to our minds indispensably necessary to a change of certificates. The written request indicating the wish of Maulsby was

the essential. The attestation was a formal proof thereof, which the grand lodge had a right to insist upon before granting the request. After granting the request, the situation is materially different. To plainly illustrate, let us suppose a member of the order is present with his certificate before the officers of the grand lodge who make the change, and in their presence he writes on the back of the certificate the request and signs it in their presence. They issue to him a new certificate with a new beneficiary. Could it be said, after the death of the member, that the grand lodge might repudiate its action in granting its certificate, for the want of an attestation? After the granting of the certificate, we think it can be avoided only by the averment and proof of facts that are prejudicial.

We are cited to numerous cases in which it is held that the change of certificates can be made only in the manner provided by the laws of the order, and that is the true rule. But it is nowhere held, that a change, when made without a literal observance of such requirements, is not valid. Very many of the cases announcing the rule are based upon facts where members have attempted a change by the terms of a will or by letter, etc., and the correctness of such holding is not to be doubted. We may here say that any arrangement between Lawrence E. Maulsby and the grand lodge by which a new certificate issued before his death, would be binding upon the defendant Maulsby, for the reason that Lawrence E. Maulsby had an absolute right to make such a change, and the defendant Maulsby then had no vested interest in the certificate, although designated therein as a beneficiary. *Brown v. Grand Lodge*, 80 Iowa, 287, and cases there cited. If it was a legal change, as between the grand lodge and its member holding the certificate, it would be legal as to the appellant. The grand lodge is not here making objections, and hence it submits to the judg-

ment for payment to the plaintiff. For the purposes
of the case, it admits its correctness. In *Titsworth v.
Titsworth*, 40 Kan. 571, where a similar question was
involved, the order had paid the money into court for
the use of the successful contestant, and the court used
the language: "When the association issues a certifi-
cate or changes a beneficiary, all the questions as to
whether it is done or not in accordance with its rules
and regulations are concluded." See, also, *Splawn v.
Chew*, 60 Tex. 532, and *Manning v. Ancient Order*,
5 S. W. Rep. (Ky.) 385. We are well convinced that
the defect claimed in the request for a change of bene-
ficiaries is of no avail to the appellant.

II. We may, for the purposes of the case, concede,
as claimed by the appellant, that the defendant order
is subject to the provisions of chapter 65
of the Acts of the Twenty-First General
Assembly, as to the making of insurance.
Section 7 of the act contains the follow-
ing: "No corporation or association organized or
operating under this act shall issue any certificate of
membership or policy to any person under the age
of fifteen years or over the age of sixty-five years, nor
unless the beneficiary under said certificate shall be the
husband, wife, relative, legal representative, heir or
legatee of such insured members." Lawrence E.
Maulsby's mother died before the certificate in suit
issued, and at her death she was the wife of the
plaintiff, who is "step-father" to Lawrence E. Maulsby.
It is urged that the certificate is void because the
plaintiff is not a "relative" within the meaning of the
statute. By particular specification the statute com-
prehends many classes of relatives, and then supple-
ments their use by the term "relative," without words
of limitation. Nothing seems to indicate that the word
is used in a restricted sense. A step-father is a relative
by affinity, and the relationship continues after the
death of the wife, on whom the relationship depends.

2. ——: step-
father as ben-
eficiary: con-
struction of
statute.

In *Spear v. Robinson*, 29 Me. 531, it is said: "By the
marriage one party thereto holds by affinity the same
relation to the kindred of the other that the latter holds
by consanguinity, and no rule is known to us under
which the relation by affinity is lost on a dissolution of
the marriage, more than that by blood is lost by the
death of those through whom it is derived. The disso-
lution of a marriage, once lawful, by death or divorce,
has no effect upon the issue; and, it is apprehended, it
can have no greater operation to annul the relation of
affinity which it produced." There is nothing in the
spirit or purpose of the law that indicates to us that
relatives by affinity are not within the legislative
intent.

III. It is said that the plaintiff had no insurable
interest in the life of Lawrence E. Maulsby, and hence
the designation of him as beneficiary is against public
policy, because of which the certificate is void. Our
construction of the statute by which such insurance is
permitted is decisive of the question. The judgment
below is AFFIRMED.