GEORGE GRIMME

*v.*

MARTHA GRIMME.

*Opinion filed October 25, 1902.*

1. BENEFIT SOCIETIES—*laws of Missouri contemplate two kinds of fraternal societies.* The statutes of Missouri contemplate two kinds of fraternal societies: those whose death benefits shall be paid to the "families, widows, orphans or other dependents of its deceased members," and those whose death benefits shall be paid to "families, heirs, blood relatives, affianced husband or affianced wife of or to persons dependent upon the member."

2. SAME—*right of society to continue business in Missouri under act of 1897.* Under section 2 of the act of 1897, passed by the legislature of Missouri, which act enlarged the class of beneficiaries of such societies, any fraternal association doing business in Missouri might continue business by complying with the act concerning annual reports, without amending its charter or re-incorporating.

3. SAME—*mere permission to continue business does not enlarge chartered powers.* If a statute enlarging the classes of beneficiaries of fraternal associations authorizes existing societies to continue business by observing the provisions of the act concerning annual reports, but provides that societies may avail themselves of the provisions of the act by amendments to their constitutions, a society already existing may continue its business by observing the provisions as to annual reports, but cannot avail itself of the provisions of the act enlarging the class of beneficiaries without amending its charter to conform to the statute.

*Grimme* v. *Grimme,* 101 Ill. App. 389, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the First District affirming a decree of the superior court of Cook county in favor of appellee.

The Supreme Lodge Order of Mutual Protection filed a bill of interpleader in the superior court of Cook county, making appellant and appellee defendants, praying that their conflicting claims to the proceeds of the benefit certificate issued by the order to William F. Grimme, deceased, might be settled, and admitting its liability to the amount of $1719.20. William F. Grimme applied for membership in the Order of Mutual Protection on October 10, 1890, stating in his application, among other things, that he agreed to be bound by the laws of the order as they then existed or as they might thereafter be amended, and in his statement to the medical examiner he again agreed to comply with the charter, constitution and by-laws of the order as then in force or as might thereafter be enacted, and that the last benefit certificate issued to him should be the only one in force. On this application the supreme lodge issued a benefit certificate to him on October 14, 1890, in which it promised, upon his death, to pay the amount of one assessment, not to exceed the sum of $2000, to his wife, Martha Grimme, unless the certificate should be by him revoked. The certificate contained this condition: "The express condition upon which this certificate is issued is, that the rights of the above named beneficiary or beneficiaries shall be determined by the charter, constitution, laws, rules and regulations of the order in force at the time that the sum due hereunder is payable." Afterward, on June 6, 1900, he made application to the supreme lodge to have this certificate canceled and a new one issued in its place, payable one-half to his father, George Grimme, and one-half to his wife, Martha Grimme, and stating that he was unable to return the former certificate because it was not in his possession. A new certificate was granted to him on June 7, 1900, with the beneficiaries named as requested. One of

the conditions of this certificate was "that the rights of the above named beneficiary or beneficiaries shall be determined by the laws of the order in force on the day of the death of the member." William F. Grimme died intestate June 22, 1900, leaving no descendants, and his wife claimed the whole amount of the benefit. The court awarded her the entire fund payable under the last certificate, on the ground that appellant, George Grimme, was not eligible as a beneficiary, which decree the Appellate Court affirmed.

The Supreme Lodge Order of Mutual Protection was incorporated under the laws of Missouri, its articles of association or charter, and the order of court granting it a certificate, having been filed in the office of the Secretary of State March 21, 1880. Amendments thereto, made according to law, were filed May 7, 1880, and May 24, 1884. The order was re-incorporated and its charter and certificates were filed December 4, 1894. The amended charter of 1880 and the new charter of 1894 are substantially the same, and contain this identical paragraph:

"Article 2, section 1. The objects of this order shall be: * * * Second, to provide means, from the proceeds of assessments upon its members, wherewith to assist its sick and disabled members, and for the relief and aid of the families, widows, orphans or other dependents of its deceased members."

CHARLES LANE, for appellant.

JAMES R. WARD, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The decision of this case involves interpretation and construction of the statutes of Missouri. When the order was incorporated, and down to and including the year 1899, the statutes of that State contained substantially the provision that any number of persons, not less than

three, who shall have associated themselves by articles of agreement, in writing, as a society or organization for benevolent, fraternal, beneficial or educational purposes, may be consolidated into a corporation, provided, always, that the purpose and scope of the association be clearly and fully set forth. (Rev. Stat. Mo. 1879, sec. 970; id. 1889, sec. 2821; id. 1899, sec. 1394.) It was also provided that such associations and societies should be permitted to include in their corporate powers the privilege of providing for the relief and aid of the families, widows, orphans or other dependents of their deceased members. (Rev. Stat. Mo. 1879, sec. 972.) Section 2823 of the Revised Statutes of Missouri of 1889 is substantially the same, except that it reads, "other kindred dependents." To render operative this permission to include in their corporate powers the privilege of providing for such benefits as just stated, it was provided in the Revised Statutes of Missouri of 1879, by section 973, and in the Revised Statutes of Missouri of 1889, by section 2824, that any society theretofore or thereafter incorporated under the provisions of the act might avail itself of the benefits of the "foregoing section" (that is, section 972 in the revision of 1879 and section 2823 in that of 1889,) by amendments to its constitution or articles of association.

In 1897 the legislature of Missouri passed a fraternal benefit act, which, in section 1, defined fraternal beneficiary associations under the act, and contained this provision: "Payment of death benefits shall be to the families, heirs, blood relatives, affianced husband or affianced wife of or to persons dependent upon the member." This section took the place of section 972 of the Revised Statutes of 1879 and section 2823 of the Revised Statutes of 1889. It was retained in the Revised Statutes of Missouri of 1899, but there numbered 1408, the sections in the last revision having been arranged in a different order from preceding revisions.

It will be observed that this act of 1897 materially changed and enlarged the class of persons who might take as beneficiaries, and is broad enough to include the appellant, the father of the member, while the class as named in the beneficiary certificate here in question and in the statute when the certificate was issued did not include those standing in that relationship to the member by virtue of such relationship, only; and the first and principal question in the case is whether the disposition of the fund in question is governed by said act of 1897 or by the more restricted language of the previous acts mentioned.

Section 2 of the act of 1897 provided that all such associations as came within the definition given of fraternal beneficiary associations in section 1, whether organized under the laws of Missouri or any other State, "and now doing business in Missouri, may continue such business, provided they hereafter comply with the provisions regulating annual reports," etc. This section is retained in the Revised Statutes of Missouri of 1899 as section 1409. Section 15a of the act of 1897 repealed sections 2823 and 2824 of the Revised Statutes of 1889, and substituted therefor a new section 2823, which was substantially the same as the repealed section 2824, allowing such associations to avail themselves of the benefits of the "foregoing section" by amendments to their constitutions or articles of association, or by re-incorporation. By thus repealing section 2823 of the Revised Statutes of Missouri of 1889, which contained the permission for associations to include death benefits in their corporate objects, the reference in the new section 2823 to the "foregoing section" lost its directive force, and the term "foregoing section" must be construed to mean that section in the act of 1897 which contained the provisions formerly incorporated in said "foregoing section." As we have seen, these provisions are found in section 1 of the act of 1897 and in section 1408 of the revision of 1899.

This section 15*a* is retained in the last revision as section 1396, and to make the reference to the "foregoing section" plain, the number "1408" is inserted in parentheses.

It is plain that the statutes of Missouri contemplate two kinds of fraternal societies,—those without and those with provisions for the payment of death benefits to relatives or wives of deceased members. Under the Revised Statutes of 1879 and of 1889, for societies of the first kind to avail themselves of permission to provide such death benefits, amendments to the charter were necessary. The Supreme Lodge Order of Mutual Protection, as we have seen, amended its charter and re-incorporated in 1894, but did not amend its charter after the act of 1897 was passed. By the act of 1897, in section 1, fraternal beneficiary associations were defined, and by section 2 it was provided that all societies that came within the definition given, whether chartered in Missouri or elsewhere and now doing business in Missouri, might "continue in business" by filing the necessary annual reports. There can be no doubt, and we do not understand that it is questioned, that this order came within said definition of said section 1. It was therefore authorized to continue in business by making the necessary reports, and without, as it would seem, amendment to its charter or re-incorporation.

But it is urged that the act of 1897 enlarged the class of beneficiaries so as to include those standing in the relation to the member of father, and became applicable to all beneficiary associations, including those organized, as this order was, under previous acts. As we have seen, the order did not amend its charter or re-incorporate after the act of 1897 was passed,—a step which that act made necessary in order that its provisions might be availed of,—but it did make its annual reports as was required of it, and was by virtue of the act authorized to continue in business. Continue in what business? Evidently the business which it had by previous laws been

authorized to begin and carry on, and, as we interpret the statute, with the same powers that previous statutes had conferred upon it, and no more. This would seem to be so for the reasons given, and also for the reason that said section 1 of the act of 1897 included societies incorporated in other States, having charters restricted by the statutes of such States, and it could hardly be supposed that the legislature of Missouri undertook to enlarge the charters of such foreign societies so as to include beneficiaries which by such charters had theretofore been excluded. We deem it unnecessary to consider whether or not the legislature of Missouri had the power, under the constitution of that State, to enlarge the class of beneficiaries so as to make the change operative as to pre-existing contracts of insurance. It is sufficient to say that the act in question does not purport to exercise it, nor does it purport to have any retrospective operation. It does, however, authorize all such beneficiary societies, whether foreign or domestic, doing business in that State to continue the business they were then doing, and to exercise the chartered powers they were then exercising, without re-incorporation or change of charter, by merely complying with the statutory regulation of making the required annual reports.

Appellant relies on the construction given to the act of 1897 by the Missouri Court of Appeals in the case of *Supreme Council Legion of Honor* v. *Neidlet*, 81 Mo. App. 598. In that case a certificate was issued in 1894, in which the member's sister was named as a beneficiary. She was not eligible, under the law in force in 1894, as a beneficiary and her designation as such was then illegal, yet the court held that the act of 1897 applied to the order; that under section 2, by making the annual reports required, it was authorized to continue in business, with all the powers conferred by the act of 1897, and that therefore the deceased member's sister was an eligible beneficiary and entitled to the benefit, thus giving the act a retro-

spective operation. While entertaining high regard for the decisions' of that court, we cannot concur in that view. While section 2 authorized such fraternal beneficiary associations to continue in business, we cannot agree that it enlarged their chartered powers *ipso facto*, without any action on their part, as contemplated by the statute, to avail themselves of the additional powers. A distinction should be made between the articles of incorporation of an association, which, with the statute, constitute the charter, and the constitution and by-laws adopted by such association. These latter must be in conformity to the charter, and it has been said that where, by the charter, certain classes of persons are to be benefited, a corporation has no authority to provide by a by-law, or by its constitution, which is but a more important by-law, for other beneficiaries or to exclude any class provided for by the charter. Niblack on Benefit Societies, (2d ed.) p. 41.

Much reliance is placed by appellant on the holding in *Wallace* v. *Madden*, 168 Ill. 356. It is not stated in that case what the articles of incorporation of the Catholic Order of Foresters, of which the deceased, Wallace, was a member, contained. The objects of the order, as set forth in its charter, are not given. Presumably they were as broad and liberal in their designation of beneficiaries as the statute of the State. Although incorporated in 1883, the order adopted the constitution and by-laws mentioned in 1894. The certificate was issued in 1895. In that case we held, that when the order adopted its constitution and by-laws and became organized under the statute of 1893 it became subject to all the provisions of the statute, and said: "After the society became organized under the statute it had no right to enlarge the class of beneficiaries mentioned in the statute or curtail the class therein mentioned," and cited with approval the quotation from Niblack to which we have made reference above. But in the case at bar there is no evidence

of any re-organization under the statute of 1897, and we must hold that the order had no right to go beyond the powers contained in its charter, which restricted the class of beneficiaries to "the families, widows, orphans or other dependents of its deceased members." In the subsequent case of *Norwegian Old People's Home Society* v. *Wilson,* 176 Ill. 94, the object of the Policemen's Benevolent Association was stated in its certificate of incorporation to be, "to create a fund and provide means for the relief of the distressed, injured, sick or disabled members of the association and their immediate families," and we held that as the incorporators had in their charter or articles of incorporation restricted the objects of its benevolence to the immediate family of the member on his decease, the courts must observe such restrictions, (citing *Rockhold* v. *Canton Masonic Mutual Benevolent Society,* 129 Ill. 440,) and apply them as found in the statement of the object of the association and as specified in the certificate of incorporation, and not the statute itself, in its broadest scope.

Applying this rule, the designation of George Grimme, the father of the member, in the second certificate, as one of the beneficiaries, was beyond the powers of the order as specified in its charter, for George Grimme was not eligible as a beneficiary, as has already been shown. Not being eligible, his appointment as such beneficiary must be held to be inoperative, and as William F. Grimme left no descendants, the share he ineffectually attempted to give George Grimme was properly awarded to his widow, Martha Grimme.

As to the contention that appellant was authorized to take the benefit as a member of the family of the deceased or as a dependent, it is sufficient to say that the evidence shows that he was not so dependent and was not a member of the family of William F. Grimme.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*