Statement.

**Bichmond.**

LEFTWICH v. WELLS.

February 9, 1903.

Absent, Keith, P.

1. BENEFIT SOCIETIES—*Certificate Issued to Wife—Payments by Husband.*
   In the absence of contract, payments made by a husband on a cer-
   tificate in a benefit society issued to the wife are regarded as gra-
   tuitous, and create no equities in favor of the husband.
2. BENEFIT SOCIETIES—*Designation of Beneficiary—Assignment—Delivery
   of Certificate on Assignment.*—Where a member of a benefit society
   has the power of designating, or of changing, a beneficiary under
   his certificate by an assignment, in a method prescribed by the
   charter and by-laws of the society, such designation or change,
   when made, is not an assignment, although so called, but is the
   mere execution of a power of appointment, and it is not necessary
   that either the certificate, or the so-called assignment, should be
   delivered to the beneficiary. The retention of the certificate is a
   necessary incident of the power to change the beneficiary.
3. VERDICTS—*Erroneous Instructions—Correct Results.*—A verdict will
   not be set aside for alleged error in instructions when the court
   can see that no other verdict could properly have been rendered
   under correct instructions.

Error to a judgment of the Corporation Court of the city of
Lynchburg, rendered March 7, 1902, in a proceeding by mo-
tion for a judgment, wherein the defendant in error was the
plaintiff, and the plaintiff in error was admitted as defendant.

*Affirmed.*

The opinion states the case.

*James E. Edmunds* and *Leon Goodman*, for the plaintiff in error.

*John H. Christian*, for the defendant in error.

Whittle, J., delivered the opinion of the court.

The ownership of the proceeds of a $500.00 benefit certificate issued by "The Grand Fountain United Order of True Reformers," a corporation chartered by the Circuit Court of the city of Richmond, to Annie C. Leftwich, constitutes the subject of this litigation. The rival claimants of the certificate are plaintiff in error, Samuel Leftwich, the husband, and Ora A. Wells, the daughter of Annie C. Leftwich. The purposes for which the Society was formed are declared in the charter to be, "to provide a place of burial for deceased members, and to defray the expenses of their funerals; to assist in the support and education of their widows and orphans, and in this connection to provide what is known as an endowment or mutual benefit fund; and to give aid and assistance to its members in times of sickness and distress, and for such other benevolent objects as may be necessary."

Section 34 of the Constitution provides for payment of the amount of the certificate "to the widow, orphan or orphans, or assigns of the deceased whose names appear in the policy."

And section 2 of the by-laws enlarges the beneficiary class so as to embrace the "heirs" of deceased members.

In the certificate issued to Annie C. Leftwich, the Society promises "to pay the heirs or assigns of the deceased member above named the whole assessment of the benefited membership of Class E, not to exceed $500.00."

The prescribed form for designating a beneficiary under the certificate is a printed assignment annexed thereto. In the case under consideration it was filled out as follows:

"I, Annie C. Leftwich, do hereby assign all my claim above

mentioned in this certificate, at my death, to Ora A. Wells, my
daughter, of Lynchburg, State of Virginia, who bears to me
the relationship of daughter.

Done at Lynchburg, this 8th day of February, A. D., 1898.

her

(Signed)            ANNIE X C. LEFTWICH.

mark

Witness:   E. M. Thompson.

Witness:   W. D. Thompson."

"Members will please fill out the above, and sign in the pres-
ence of two witnesses."

Annie C. Leftwich departed this life on the 29th day of
August, 1901, and defendant in error proceeded by motion
against the Society, in the Corporation Court of the city of
Lynchburg, to recover the $500 due on the certificate.

The Society is not an active party to the litigation, and
claims no interest in the subject matter; but it filed an affidavit,
in usual form, in the trial court, setting forth the fact that
plaintiff in error asserted title to the fund, and asked that he
be summoned to appear and required to interplead in the man-
ner prescribed by section 2998 of the Code.

Thereupon the court, having summoned plaintiff in error,
directed the following issues to be tried by a jury, to-wit:
"Whether or not the assignment of the policy of insurance
in The Grand Fountain of the United Order of True Reformers
on the life of Annie C. Leftwich to Ora A. Wells, is fraud-
ulent and void as to Samuel Leftwich, and whether or not the
proceeds, or any part thereof, is the property of said Samuel
Leftwich." There was a verdict and judgment in behalf of de-
fendant in error, which judgment is before this court for re-
view.

The grounds upon which plaintiff in error bases his right to

demand the proceeds of the certificate are: (1) An alleged agreement between himself and Annie C. Leftwich, by the terms of which each was to take out a certificate for the benefit of the other. (2) Payment by him of $250 of dues and assessments on the certificate in question. (3) That the assignment to defendant in error was fraudulent and void; and (4) That said assignment was inoperative for the reason that neither it nor the certificate was ever delivered to Ora A. Wells.

It is not needful to invoke the rule that this case is here as on a demurrer to evidence in order to sustain the verdict and judgment complained of. The testimony on behalf of plaintiff in error is of a most unsatisfactory and inconclusive character. Vague and·indefinite, it falls far short of what is necessary to sustain any one of the alleged grounds for recovery.

The alleged agreement for mutual insurance is not proved, nor does it appear that plaintiff in error ever took out a certificate in favor of his wife. The vague statements of witnesses on that subject do not establish either fact, and his failure to produce the certificate, the best evidence in support of the contention, justifies the conclusion that no such paper was in existence.

The second ground is likewise without evidence to sustain it. It does not appear that plaintiff in error paid any dues or assessments on the certificate in question. If he had done so, in the absence of contract, the payments would be regarded as gratuitous and would create no equities in his favor. Joyce on Insurance, secs. 869, 870, and notes; section 1148, note 239.

In respect to the assignment of the certificate, the regularity of its execution is established by the instrument itself and the testimony of the two subscribing witnesses, both of whom were officers of the Society, and had been for eighteen years.

The objection that there was no delivery of the certificate or assignment to defendant in error, and that the transaction was

therefore incomplete and ineffectual to pass title to the proceeds of the certificate to her, is also without merit.

While the paper appended to the certificate and executed by the assured is called an assignment, it is in reality nothing more than the mode adopted by the Society for designating a beneficiary from the selected class in accordance with the charter, constitution and by-laws of the Society. Defendant in error is, therefore, in no proper sense an assignee of the certificate, but is an appointee of its benefits; and, by the rules and regulations of the Society, is as much entitled to the proceeds as if her name had been written in the body of the certificate.

The assured has no property in the policy, but only the power of appointing a beneficiary, and a delivery of the certificate is no more necessary than would be the delivery of any other instrument creating the power.

The doctrine of *Spooner* v. *Hilbish*, 92 Va. 333, 23 S. E. 751, has no application to the case. The assured in that case held an ordinary policy on his own life and for his own benefit, which he undertook to give to a third party. He accordingly made an assignment of the policy in duplicate, whereby the benefit was assigned to the donee, but failed to deliver either the policy or assignment to the assignee. Subsequently, there was a contest over the proceeds of the policy between the creditors of the assured and the donee, and it was held that as neither the policy nor assignment had been delivered, the gift was inchoate and inoperative.

In this case, as remarked, defendant in error was not an assignee, but a beneficiary by virtue of the exercise of a power of appointment in her favor, with which the assured was invested by the terms of the certificate, and the element of delivery was not an essential factor in the transaction.

"Where a member of a society has appointed a beneficiary in any of the modes pointed out in the contract of insurance, it is not necessary that the certificate of membership should be

delivered to the beneficiary so named. The claim of the beneficiary in such case is not based on a contract, but upon the appointment and direction for the payment of the fund." Niblack on Benefit Societies, sec. 149; Joyce on Insurance, secs. 743, 849.

The assured has the power to change the beneficiary at pleasure, provided the appointee is selected from the authorized class, and the retention of the certificate is a necessary incident to that power. This power of appointment or right to dispose of the fund may be exercised in any manner agreed on in the contract of insurance. If the contract provides that it may be done by an assignment of the certificate, that method should be pursued. But by such an assignment, the member does not transfer his right or estate in the certificate, or the fund to his beneficiary, but only executes a power. Niblack on Benefit Societies, secs. 173, 227, 229, and notes; Bacon on Benefit Societies, sec. 244.

The case does not fall within the principle of that class of cases which holds that where the assured is under contractual obligations to a particular beneficiary and exercises the power of appointment in his favor, he cannot defeat the equities of the first appointee by selecting a second beneficiary, who is a mere volunteer, or acquires his interest with notice of the pre-existing equities. *Jory* v. *Supreme Council, A. L. of H.,* (Cal.), 38 Pac. 524, 26 L. R. A. 733, 45 Am. St. R. 17; *Adams* v. *Grand Lodge* (Cal.), 38 Pac. 914, 45 Am. St. Rep. 45; *Grimsley* v. *Harrold* (Cal.), 57 Pac. 558, 73 Am. St. R. 19.

The effort of plaintiff in error was to bring his case within the influence of that line of authorities, but he has signally failed of his purpose. He was never the appointee in the certificate, and his wife rested under no contractual obligation to exercise the power in his favor.

It is needless to consider the alleged grounds of error in the instructions. Without conceding that they are amenable to ob-

jection, they could not have operated to the prejudice of plaintiff in error, who, in no aspect of the case, is entitled to a verdict.

The judgment of the Corporation Court is without error, and is affirmed.

*Affirmed.*