Hillsborough, }
March 2, 1909. }

SUPREME COMMANDERY UNITED ORDER OF THE GOLDEN CROSS *v.* DONAGHEY *& a.*

A housewife with whom an insured person lives as a boarder or a visitor and to whom he is not related is not a member of his "family," within the meaning of section 1, chapter 86, Laws 1895.

An administrator who is instrumental in preserving a fund for the benefit of the heirs of the decedent may be awarded reasonable compensation, the question whether such services were rendered and their value being determinable by the trial court.

BILL OF INTERPLEADER. The case is the same as that reported 74 N. H. 466. Since the first opinion was filed the plaintiffs have paid the amount of the McKean death benefit into court, and the facts on which the rights of the several claimants of the fund are based have been found. The question which of the claimants is entitled to the fund was transferred from the May term, 1908, of the superior court by *Pike*, J.

*John C. Bickford*, for the plaintiffs.

*Henry N. Hurd*, for Donaghey.

*L. Ashton Thorp*, for McKean's administrator.

*Lee C. Abbott*, for McKean's heirs.

WALKER, J. In the act relating to fraternal beneficiary societies it is provided that "payment of death benefits shall be to the families, heirs, blood relatives, affianced husband or affianced wife, or to persons dependent upon the member" (Laws 1895, *c.* 86, *s.* 1); and the same provision occurs in the laws of the plaintiff association. From the evidence submitted the court found as a fact that Rose Donaghey was a member of the "family," but not

a " dependent upon the member." Evidently the word " families," as used in the statute and laws of the association, refers to the families of the members. Was Mrs. Donaghey a member of the deceased's family at the time of his death? It is conceded that she was not a relative of his. Their relations were merely those of friends. It appears that from November, 1906, to the time of his death in March, 1907, he lived with the Donagheys at their home. He paid no board or room-rent. And there is no evidence that they were in any respect dependent upon him. The fact seems to be that he lived in their family as a boarder; for while he did not pay them for his board, they expected to be compensated therefor, and upon his decease, Mr. Donaghey, the head of the family, filed with his administrator a claim for his board covering the period of his residence in the family. His *status* was either that of a boarder or a visitor in the family of a friend, none of whose members were relatives of his and none of whom were dependent upon him. The Donagheys had no insurable interest in his life, except upon the ground that they were his creditors. But under section 10, chapter 86, Laws 1895, this money cannot be taken to pay the member's debts; so that it follows that so far as the contract of insurance is concerned they had no insurable interest in his life, as creditors, relatives, members of his family, or as dependents. *Supreme Lodge* v. *Naim*, 60 Mich. 44; *Supreme Council* v. *McGinness*, 59 Ohio St. 531. The finding that Mrs. Donaghey was a member of the deceased's family cannot be sustained on the facts reported.

It is understood to be conceded that if Donaghey is not entitled to McKean's benefit, it belongs to his heirs. If that is so, it should be paid to them, for they are parties to this proceeding. If, however, the administrator has done anything to preserve this fund for them, they and not McKean's estate should pay him for it; but the question whether he has done anything for that purpose, and if he has, what he should be paid for doing it, are not for this court. *Bean* v. *Bean*, 74 N. H. 404.

*Case discharged.*

All concurred.