## JESSIE ISADORE ANDERSON v. ROYAL LEAGUE.[1]

July 16, 1915.

Nos. 19,373—(248).

**Action on mutual benefit certificate.**

1. In this action upon a certificate issued by a fraternal benefit society, organized under the statute of Illinois, we assume,. for the purposes of this case, that the laws of that state govern the rights of the parties.

**Beneficiary — adopted step-daughter.**

2. The deceased member was the step-father of plaintiff, the designated beneficiary; they were members of the same household, when the certificate issued and at the time of the member's death; and he had voluntarily assumed to contribute to the support of the household. It is *held* that plaintiff was a proper beneficiary as one of the family of the deceased member and within the class of permitted beneficiaries under the Illinois statute.

**Same.**

2. Defendant's by-law is not more restrictive than the statute, and, given a liberal construction, its designation of an adopted child as a proper beneficiary embraces a step-daughter who is of the same household with the member. But even were it held restrictive, the evidence shows the by-law to have been waived and defendant estopped from asserting that it excludes plaintiff.

[1] Reported in 153 N. W. 853.

Note.—As to who is a dependent within statute or rules defining beneficiaries in mutual benefit societies see notes in 2 L.R.A.(N.S.) 652, 36 L.R.A.(N.S.) 208, 37 L.R.A.(N.S.) 1191, 512 L.R.A.(N.S.) 726.

As to meaning of word "family" in by-laws see note in 3 L.R.A.(N.S.) 334.

**Same — evidence of dependency.**

3. The evidence being conclusive that plaintiff was a proper beneficiary when the member died, the issue of dependency became immaterial, and errors assigned upon the reception of testimony and the instructions of the court upon such issue, even if well founded, are without prejudice.

Action in the district court for St. Louis county to recover $1,000 upon defendant's benefit certificate upon the life of Robert Whidden. The answer admitted that plaintiff was the beneficiary named in the certificate, but denied that she was dependent upon the insured at the time of his death within the meaning of the law and the contract and set up in terms the by-law quoted in the opinion. The case was tried before Ensign, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for the amount demanded. From the order denying its motion for judgment in its favor notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*George W. Miller, Arthur J. Donovan* and *John H. Norton,* for appellant.

*Andrew Nelson* and *George B. Sjoselius,* for respondent.

HOLT, J.

When plaintiff was six years old, her mother, a widow, married Robert Whidden. One older and one younger sister also became members of Whidden's household. He supported and educated his step-daughters until they married, and both before and since their marriage has treated them as if they had been his natural children. They in turn have regarded him as a father. Plaintiff went by his name before becoming Mrs. Anderson. During the greater part of her 16 years of married life she lived near her mother and Mr. Whidden. The intercourse between the two families was characterized with that intimacy and helpfulness which is common between parents and children. In 1906 Mr. Whidden became a member of the defendant, a fraternal benefit association incorporated under the laws of Illinois and duly authorized to do business in this state. His beneficiary was his wife. She died within a year. Thereupon a new certificate was issued, naming his oldest step-daughter, Mrs.

130 M.—27.

Wheeler, beneficiary. He lived with her for a year, but he did not seem to be congenial to Mr. Wheeler. And in 1909 Whidden brought his belongings to plaintiff's house in Duluth, and until his death made his home with the Andersons. His work, however, as cook in the lumber camps took him out of the city for about nine months in the year. When he took up his home with plaintiff he again changed his certificate making her the beneficiary instead of Mrs. Wheeler, so that therein the insurance is payable to "Jessie Isadore Anderson, step-daughter, dependent." The organizer and general agent of defendent, by whose assistance the change was effected, knew the situation between the insured and the beneficiary. Whidden while staying with plaintiff never paid board, but he at times bought groceries for the household, gave plaintiff money occasionally, helped her and her husband to meet payments upon the home they bought, and paid some local assessments they were unable to pay. He also helped to pay for installing modern conveniences in the house, since, as he said, he was making his home with them, and would get the benefit of the conveniences. He contributed thus about $600 during the last three years of his life. His death occurred in November, 1914, while a member of defendant in good standing. The defendant admits liability on the certificate, but contends that plaintiff is not a lawful beneficiary and that the insurance must go to Whidden's brothers and sisters, his sole heirs, he having no children. The court submitted the issues to the jury, and a verdict for plaintiff was returned. Defendant appeals from the order denying its alternative motion for judgment notwithstanding the verdict or a new trial.

The defendant insists that the contract is an Illinois contract and must be construed in accord with the statutes and decisions of that state. Plaintiff claims it to be a Minnesota contract, and Coverdale v. Royal Arcanum, 193 Ill. 91, seems so to hold. For the purposes of this decision we may accept defendant's position as correct. Royal Arcanum v. Green, 237 U. S. 531, 35 Sup. Ct. 724, 59 L. ed. —. The statute of Illinois under which defendant is incorporated provides [R. S. 1913, c. 73, § 258]: "Payments of death benefits shall only be paid to the families, heirs, blood relations, affianced husband or

affianced wife of, or to persons dependent upon the member." The by-law of defendant reads: "A benefit certificate may be made payable only to one or more persons bearing the relationship to the member of wife, child, adopted child, father, mother, adopting parent, brother, sister, affianced wife, uncle, aunt, niece, nephew, grandparent or grandchild, in which class of beneficiaries no proof of dependency shall be required." Another by-law is: "No benefits shall be payable to any person upon the ground of dependency alone unless the dependency exists at the time of the member's death, and satisfactory proof of such dependency shall be furnished in writing to the supreme archon. If at the time of the member's death the dependency has ceased then such benefit shall be paid to the heirs of the member."

The first contention of defendant is that under the statute quoted plaintiff was ineligible as beneficiary except as a dependent. To this we cannot assent. We think she and Whidden were members of the same family and as such she was a proper beneficiary. It must be conceded that the beneficiary fund cannot be paid to persons not coming within the classes designated in the law under which defendant is organized. "The corporation has no authority to create a fund for other persons than the classes specified in the law, nor can a member direct the fund to be paid to a person outside such classes." Alexander v. Parker, 144 Ill. 355, 33 N. E. 183, 19 L.R.A. 187. Of course, when plaintiff as a child was received into Whidden's household, there could not have been any doubt about her then being a lawful beneficiary. It is not enough that she once was a member of his family, she must have been such not only when the certificate issued but also at the time of his death. Baldwin v. Begley, 185 Ill. 180, 56 N. E. 1065; Murphy v. Nowak, 223 Ill. 301, 79 N. E. 112, 7 L.R.A.(N.S.) 393; Royal Arcanum v. McKnight, 238 Ill. 349; Tyler v. Odd Fellows' Mut. Relief Assn. 145 Mass. 134, 13 N. E. 360.

We think the evidence conclusive that, at Whidden's death, he and plaintiff were members of one family in the restricted sense of being related by affinity, having the same home, and constituting one household, to the support of which he considered himself obligated. They were such when plaintiff was made beneficiary.

He had his bed and effects in plaintiff's home, and lived there as a member of the family, paying no board, but contributing liberally to the household. True, a few months before his death he went on a visit to his youngest step-child, and finding her in great need of assistance remained to help until death overtook him. But the relation he had established and maintained as a member of plaintiff's family was not changed by the temporary stay with his other step-child. The term "family" as used in statutes and charters, relating to who may become beneficiaries in associations like defendant, is not to receive a restrictive construction. It may include step-children. Tepper v. Royal Arcanum, 61 N. J. Eq. 638, 47 Atl. 460, 88 Am. St. 449. In Norwegian Old People's Home Society v. Wilson, 176 Ill. 94, 52 N. E. 41, a brother residing with the member as well as a daughter not so residing were held to be of the "immediate family." Construing the statute here under consideration, a step-mother was held to come within the designation of family of the assured, although she never lived in the same home. Faxon v. Grand Lodge B. of L. F., 87 Ill. App. 262. Peterson v. National Council of K. & L. of Security, 175 S. W. 284 [Mo.]; held one a member of the family, although not related, and whose residence with the beneficiary was no more stable than was that of Whidden with plaintiff.

The law is well settled that, while a beneficial fraternal society may not extend its beneficiary classes beyond the statutory limitation, it may, by its articles of incorporation or by-laws, restrict the same. Norwegian Old People's Home Society v. Wilson, supra; National Union v. Keefe, 263 Ill. 453, 105 N. E. 319. Does the by-law of defendant here set out exclude the designation of plaintiff, she and the insured being members of the same family? We do not think it intended as restrictive, but rather as descriptive of those of the "family" who might be named beneficiaries of a member. The by-law provides that an adopted child may be such. This by-law should receive a liberal construction so as to aid the benevolent purposes for which defendant exists. American Legion of Honor v. Perry, 140 Mass. 580, 5 N. E. 634. In Renner v. Supreme Lodge of the Bohemian S. B. C. 89 Wis. 401, 62 N. W. 802, after stating this to be the rule the court proceeds: "It is said that a leading pur-

pose of defendant's existence, as expressed in its charter, is 'to assist and give pecuniary aid to the widows and orphans of deceased members.' There is no question that the persons named in the beneficiary certificate are the identical persons whom the member who paid the money wishes to have the benefit. If, then, upon fair principles of interpretation, it appears that those beneficiaries are fairly included in the class of persons designated as 'orphans of the deceased,' then all question of the correctness of the judgment of the trial court disappears. Now, it seems clear that if Josepha Votapek was, in a legal sense, the child of John Renner in his lifetime, then she was his 'orphan' after his decease. It is quite clear that, in a legal sense, she was his child during his lifetime. She was his wife's daughter, his step-daughter." Simcoke v. Grand Lodge A. O. U. W. 84 Iowa, 383, 51 N. W. 8, 15 L.R.A. 114. Adopted child does not always mean one adopted or made heir through statutory proceedings. The dictionary definition of "adopt" may well be applied to the reception of plaintiff into the insured's family and of him into hers subsequently, especially in view of their relation by marriage.

Again assuming the by-law to be more restrictive than the statute, there is good reason for holding that defendant is estopped from asserting that the by-law excludes plaintiff, or, in other words, the by-law has been waived if it ever was intended to exclude such as she. A by-law may be waived. In Bush v. Modern Woodmen of America [Iowa], 152 N. W. 31, it is said: "It is almost the universal holding that a society of this kind can waive the enforcement of a requirement embodied in the by-law, but it is elementary that a corporation such as this has no power to create a fund for persons other than the class specified in the law authorizing its organization and maintenance." Our own decisions go even farther. Hanson v. Minnesota S. R. Assn. 59 Minn. 123, 60 N. W. 1091; Gruber v. Grand Lodge A. O. U. W. 79 Minn. 59, 81 N. W. 743. Defendant's general agent who assisted Whidden in changing the certificate so as to designate plaintiff the beneficiary knew the exact situation between her and the insured. The relation between the two never changed until the death of the insured. And the defendant for more than five years, with full knowledge of the facts which went to show whether or not

plaintiff was a proper beneficiary, collected and retained the assessments. If the by-law did exclude plaintiff, which in our opinion it did not, it has been effectively waived.

The conclusion we have reached on the questions thus far discussed makes it unnecessary to determine the one of dependency, for the by-law provides that where the beneficiary named is an adopted child there need be no proof of dependency. But we may say in passing that under such decisions as McCarthy v. New England Order of Protection, 153 Mass. 314, 26 N. E. 866, 11 L.R.A. 144, 25 Am. St. 637, we think the evidence ample upon that proposition, and the assignments of error relating to its submission to the jury without material error. We think the jury was entitled to the whole history of what the beneficiary and the insured had been to each other, so as to determine whether or not there existed a moral and equitable obligation upon Mr. Whidden to help support plaintiff at the time of his death. She certainly needed his aid.

Some cases upon which defendant places reliance should be noted: Royal League v. Shields, 251 Ill. 250, 96 N. E. 45, 36 L.R.A.(N.S.) 208, turned entirely upon the question of dependency. The designated beneficiary was not related by blood or marriage to the insured, and they had never been members of the same household. Three judges of the seven thought dependency established. The case of Murphy v. Nowak, 223 Ill. 301, 79 N. E. 112, 7 L.R.A. (N.S.) 393, turned upon this provision of the society's by-law: "No benefit shall be payable to any person or persons of class 2, section 83, unless the dependency therein specified to be shown exists at the time of the member's death." The beneficiary came under said class. The Catholic Order of Foresters, the society in which the deceased there was a member, was organized "to establish a widows' and orphans' fund for the benefit of dependents of deceased members." The court says: "From this language it would seem clear that the fund was only to be paid to 'dependents of deceased members,' — that is, to a beneficiary who was dependent upon the member at the time of the death of the member." On this basis the designated equitable beneficiary, a person who as a child was taken by the assured from an orphan asylum and reared by him, was held not en-

titled to take because it was conceded that for years she had not been a dependent, and the by-law in force specifically provided that unless dependent at the time of the death of the insured the funds should be paid to relatives in a certain order. In Grimme v. Grimme, 198 Ill. 265, 64 N. E. 1088, the father of the insured was held ineligible under the applicable Missouri statute under which the charter of the order provided for "the relief and aid of the families, widows, orphans or other dependents of its deceased members" because he was not a dependent nor a member of the family, that is, of the household, of the son. The court conceded that had a later statute worded the same as that of Illinois applied, the father would have been a proper beneficiary. In Supreme Commandery United Order of the Golden Cross v. Donaghey, 75 N. H. 197, 72 Atl. 419, the court says of the insured: "His *status* was either that of a boarder or a visitor in the family of a friend, none of whose members were relatives of his and none of whom were dependent upon him." The court in Supreme Lodge Order of Mutual Protection v. Dewey, 142 Mich. 666, 106 N. W. 140, 3 L.R.A.(N.S.) 334, 113 Am. St. 596, 7 Ann. Cas. 681, after stating that the term "family" in statutes relating to beneficiaries of members in fraternal associations has received a flexible construction, says: "But it would be going to an unwarrantable extreme to hold that a relative by marriage becomes a member of the family when not a member of the household nor maintaining the usual family relations." Under that proposition the beneficiary was held not a member of the insured's family either when designated a beneficiary or when the insured died, hence not entitled to the fund.

As before stated, the beneficiary was the step-daughter, and the evidence is conclusive that the insured not only became a member of the household, but deemed it his duty to provide for the family and did so to the extent of his ability. And using the language of the court in Bush v. Modern Woodman of America, supra: "She now claims it under the designation given by Mr. Bean (Whidden). Her identity has been established as the person to whom Bean (Whidden) desired this payment to be made. She does not admit that she is not a dependent. She is not seeking to recover under some other

designation than that named in the certificate. The burden, there-fore, is on the association to show, and on those who seek to defeat her right, to establish by a preponderance of the evidence that she is not what she claims to be; that she is not what the certificate designates her to be; that she is not entitled to receive the fund."

We think under any proper view of the evidence plaintiff was entitled to recover.

Affirmed.