## MARTHA B. McGAUGHEY v. THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF THE STATE OF MINNESOTA.[1]

January 21, 1921.

No. 22,127.

**Mutual benefit insurance — death of beneficiary — meaning of "father or mother."**

Where the constitution of a fraternal society provides that when a named beneficiary predeceases the insured the fund shall be paid, at the death of the insured, to certain relatives, naming them, *held* that the words "father or mother," as used therein include "stepfather and stepmother."

Action in the district court for Winona county to recover $2,000 upon defendant's benefit certificate. The case was tried before Callaghan, J., who made findings and ordered judgment in favor of defendant dismissing the action. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*Brown, Abbott & Somsen,* for appellant.
*William B. Anderson,* for respondent.

QUINN, J.

Action to recover on a benefit certificate issued by the defendant to Hugh F. McGaughey, deceased, in December 1899, wherein James B. McGaughey, father of the insured, was named as beneficiary. The cause

[1]Reported in 180 N. W. 1001.

was tried before the district court of Winona county, and judgment was ordered in favor of the defendant dismissing the action on its merits. From a judgment so entered the plaintiff appeals.

The deceased, Hugh F. McGaughey, was 46 years of age at the time of his death, which occurred in June, 1919. He had never married, had no brothers or sisters living at that time and always lived and made his home with his parents. His mother died in 1887. In 1892 his father married the plaintiff, and they all resided in the old home until September 27, 1908, when the father died. Hugh continued to make his home with his step-mother and largely supported her and the home until the time of his death. In December, 1899, he became a member of the defendant society, and, on the fifteenth day of that month, defendant duly issued and delivered to him its benefit certificate for $2,000, in which his father, James B. McGaughey, was named as beneficiary. After the death of his father the insured neglected to change the name of the beneficiary in the certificate, but continued to pay the premiums for 11 years thereafter and until the time of his death. It was conceded upon the trial that the officers of the local lodge knew of the death of James B. McGaughey, and continued, with such knowledge, to receive the dues and assessments from the insured up to the time of his death.

The sole question involved in this case is as to who is entitled to the benefit, the beneficiary named having predeceased the insured. It is conceded that, where the beneficiary named in the certificate dies before the insured, and no other beneficiary is named, the proceeds of the certificate should be paid as the laws of the society direct. Under the constitution of the defendant a step-mother may be named in a certificate as beneficiary. It provides that, where a named beneficiary predeceases the member, the amount due under the certificate shall be paid, at the death of the member, to his relatives in the following order:

1. Widow
2. Child or children and issue
3. Father and mother
4. Father or mother
5. Brothers and sisters and issue
6. Forfeit to society

A step-mother is a relative by affinity, and the relationship continues after the death of the father. Simcoke v. Grand Lodge, A. O. U. W. 84 Iowa, 383, 51 N. W. 8, 15 L.R.A. 114; Anderson v. Royal League, 130 Minn. 416, 153 N. W. 853, L.R.A. 1916B, 901, Ann. Cas. 1917C, 691.

It is. the contention of plaintiff, that the word "mother" as used in the constitution under consideration, includes "step-mother," in the absence of a plain restriction, and under the circumstances plaintiff is entitled to receive the benefit. Upon the other hand defendant insists that the fund was, under the circumstances in this case, forfeited to the society.

Prior to 1913, the constitution of the defendant society, section 82, p. 46, stated the purpose of the beneficiary fund to be "for the protection only of those persons who are members of the family of its respective members or who are related to them respectively within certain degree by blood, or who are by the laws of the state of Minnesota legally dependent upon them respectively for support or who bear to them respectively the contract relation of an affianced wife."

In that year section 82 was amended by inserting therein the words "or marriage" immediately following the word "blood." At the time of making the foregoing amendment, the association amended subdivision 5 of section 86 so as to restrict brothers and sisters to those by blood. Without the latter amendment all relatives therein referred to, whether by blood or marriage, might take under the amendment of section 82. The second amendment was evidently for the purpose of restricting the provisions to brothers and sisters by blood, clearly excluding those by marriage. No such amendment or change was made to subdivisions 3 and 4 of section 86 specifying mother or father, indicating an intention not to so limit mother and father, but to include those related to the insured by marriage. By amending section 86 so as to limit its provisions to brothers and sisters of the blood, the association must have considered that, without the amendment, step-brothers and step-sisters were included. By the same reasoning "mother or father" would include step-mother and step-father. These were not qualified, thereby creating a strong presumption that it was intended that step-

mother and step-father might take under section 86. We hold that the words "father or mother" as used in the constitution and laws of the defendant association, as to who may take under a certificate, in case of omitted or predeceased beneficiaries under section 86 thereof, mean and include step-father and step-mother. Under this view of the case it becomes unnecessary to consider the further questions discussed, as the foregoing leads directly to a reversal of the judgment appealed from.

It is well settled that the laws and regulations of a society such as the defendant, will and should be construed strictly in favor of the insured, so as to avoid a forfeiture. 2 Dunnell, Minn. Dig. § 4830, and case cited. The plaintiff is entitled to judgment.

Reversed.