# Wytheville

## TESSIE M. SHEPHERD v. SOVEREIGN CAMP OF WOODMEN OF THE WORLD.

June 11, 1936.

Present, Holt, Hudgins, Gregory, Chinn and Eggleston, JJ.

The opinion states the case.

*A. A. Bangel,* for the plaintiff in error.

*Tom E. Gilman,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Tessie M. Shepherd, the plaintiff below, brought this action against the Sovereign Camp of the Woodmen of the World, a fraternal benefit association, incorporated under the laws of Nebraska and licensed to do business in Virginia, alleging that she was entitled, as the designated beneficiary, to the proceeds of a certificate of insurance issued by the association on the life of John Bright. Under the terms of the certificate the proceeds were payable on the death of the insured to "Tessie M. Shepherd, adopted daughter."

The trial court struck out the plaintiff's evidence on the ground that since it failed to show that she was the *"legally adopted* daughter" of the insured, she was not within the class of beneficiaries permitted by the association's constitution and by-laws, as restricted by section 4278 of the Code of Virginia, as amended by Acts 1922, ch. 426, and hence was not entitled to the proceeds of the policy. To the judgment in favor of the association which necessarily followed from this ruling, the present writ of error has been granted.

The facts are not disputed. In 1901 the association issued a certificate insuring the life of John Bright, a resident of Norfolk county, Virginia, in the sum of $1,000 in favor of his wife, Sarah E. Bright. In April, 1930, the original policy was surrendered and by agreement of the association and the insured there was substituted in its

place a new certificate for the sum of $676 in which the wife of the insured was likewise designated as the beneficiary. On May 19, 1931, Mrs. Bright having died, the loss under the policy, by proper endorsement, was made payable to "Tessie M. Bright, adopted daughter." From the date of such endorsement until the death of the insured on July 20, 1934, all premiums and charges were promptly paid as had theretofore been done.

Under the terms of the association's constitution and by-laws a member was permitted to designate as the beneficiary under his policy, "his wife, children and *adopted children,* parents, brothers and sisters, other blood relations, father-in-law, mother-in-law, daughter-in-law, son-in-law, sister-in-law, brother-in-law, stepfather, stepmother, stepchildren, stepsister, stepbrother, or persons dependent upon the member, * * *."

The plaintiff was the daughter of James and Georgeanna Cross, and was born in Gates county, North Carolina, in 1877. At the age of eight years, both of her parents having died, she went to live with Mr. and Mrs. John Bright in Norfolk county, Virginia. Although no proceedings were instituted for her legal adoption she took the name of her foster parents by whom she was treated as a child of their own blood. They clothed, fed and educated her. She was known both at school and in the neighborhood as their child, and she in turn regarded them as her parents. In 1896, at the age of nineteen years, she married William Henry Shepherd. This was with the approval of her foster parents and at their home. The establishment by the young couple of their separate home did not interrupt the happy relationship which had theretofore existed between her and her benefactors. Upon the death of her foster father at the age of seventy-five years the last rites were administered under her direction. The expenses of the funeral were borne by her.

It is well settled that a member of a fraternal benefit society has no property in the policy but only the power of designating a beneficiary under his certificate

by the method prescribed by the charter and by-laws of the society. Such designation when made is a mere power of appointment. *Leftwich* v. *Wells,* 101 Va. 255, 259, 43 S. E. 364, 99 Am. St. Rep. 865; *Smith's Adm'r* v. *Hatke,* 115 Va. 230, 234, 78 S. E. 584. Furthermore, the person designated must be within the class permitted by the appropriate statute and the rules and regulations of the association. "The society has no power to issue a certificate payable to a person not belonging to one of these classes; and the designation of a person thus ineligible as beneficiary is nugatory." 45 C. J., p. 172, section 136; 19 R. C. L., p. 1280, section 78; Cooley's Briefs on Insurance (2d Ed.), vol. 2, p. 1311.

The plaintiff contends that the words "adopted children" in the association's constitution and by-laws should be given a broad and liberal interpretation, and that when this is done she comes within the designation.

The association, on the other hand, claims that the words embrace only *"legally adopted* children," which will exclude the plaintiff as a designated beneficiary. It further urges that under the express terms of section 4278 of the Code of Virginia, as amended, payment of such benefits to "adopted children" is restricted to "children *by legal adoption."*

The pertinent portion of Code, section 4278, as amended, provides: "Payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, *children by legal adoption,* to a person or persons dependent upon the member, or to a fraternal charitable institution, or sanitorium." (Italics supplied.)

Whether the eligibility of a designated beneficiary is to be determined by the laws of the State where a fraternal benefit association is chartered and organized or by the State wherein it is licensed to do business is a question on which the authorities are in conflict. See 5 R. C. L., p. 978, section 59; 45 C. J., p. 175; Cooley's Briefs on

Insurance (2d Ed.), vol. 2, pp. 1303, 1304, and the authorities there cited. But we are not here called upon to decide that question for the reason that the inapplicability of Code, section 4278, as amended, to the present situation has been determined, we think, by this court in *Pettus* v. *Hendricks,* 113 Va. 326, 74 S. E. 191.

Code, section 4278, in its present form, was enacted by the Acts of Assembly of 1914, p. 394, ch. 5, section 6, as amended by Acts 1922, p. 744, ch. 426. But the subject of the designation of beneficiaries in policies of this character was first dealt with in the Acts of Assembly of 1897-98, p. 734, ch. 688. The latter statute permitted an "affianced wife" to be designated as a beneficiary, and was before this court in *Pettus* v. *Hendricks,* 113 Va. 326, 74 S. E. 191, 193. There the charter of a fraternal benefit association, incorporated under the laws of Virginia, limited the payment of benefits to a "nearest relative or such other dependents." The insured had named his "affianced wife" as the beneficiary, and the question involved was whether the statute or the charter controlled. Speaking through Judge Keith, this court held that this statute "was not intended to alter, modify or repeal the charter, but merely to enumerate the objects for which a benefit association could be organized." This interpretation of the statute has met with the approval of the General Assembly although the section has since been otherwise amended by the Acts of 1914, p. 394, ch. 229, and by the Acts of 1922, p. 744, ch. 426.

We think the principle applies here, and that the present section 4278 was not intended to restrict or modify the constitution and by-laws of a Nebraska corporation which has been doing business in this State, certainly since 1901 when the original policy was written. Especially is this true in the absence of any expression of legislative intent of its application to the present situation.

We, therefore, hold that the right of the insured to designate a beneficiary was governed by the section of

the association's constitution and by-laws quoted above and not by Code, section 4278, as amended.

This brings us to the question: Was Tessie M. Shepherd an "adopted child" within the meaning of the constitution and by-laws?

Despite the fact that contracts of this character have been the source of constant litigation we have been able to find no case dealing with the precise point here involved. But the principles according to which these policies should be construed are well fixed.

In 45 C. J., pp. 191, 192, section 155, it is said: "In determining the meaning and scope of particular terms, such as the words 'children,' 'issue,' 'heirs,' 'devisees,' 'legal representatives,' and 'estate,' as those terms are used in the member's designation of beneficiaries, or in statutes or the charter or laws of the society for the purpose of designating beneficiaries, the courts adopt a liberal rule of construction, so as to effectuate the intent of the parties and the benevolent objects of the society." See also, 19 R. C. L., p. 1291, sec. 86; *Gillespie* v. *Modern Woodmen, etc.,* 101 W. Va. 602, 133 S. E. 333, 335; *Sovereign Camp, W. O. W.* v. *Cole,* 124 Miss. 299, 86 So. 802, 803; *Anderson* v. *Royal League,* 130 Minn. 416, 153 N. W. 853, L. R. A. 1916B, 901, Ann. Cas. 1917C, 691.

And in Cooley's Briefs on Insurance (2d Ed.), vol. 2, p. 1310, the author says: "The constitution, by-laws, and rules of a fraternal order, relating to the designation of beneficiaries, should be liberally construed according to the ordinary and common use of words."

Accordingly it has been held that the designation of "mother," as a beneficiary, includes a stepmother living with the insured (*Jones* v. *Firemen Relief Ass'n,* 151 Wis. etc., 101 W. Va. 602, 133 S. E. 333, 335; *Sovereign Camp, W. O. W.* v. *Cole,* 124 Miss. 299, 86 So. 802); that the term "relative" includes a widow of the insured (*Hulick* v. *Campbell,* 102 Pa. Super. 573, 157 A. 631); that the designation "member of family" includes stepchildren (*Anderson* v. *Royal League,* 130 Minn. 416, 153 N. W. 853, L. R.

A. 1916B, 901, Ann. Cas. 1917C, 691) ; that the words "member of family" include one who had lived for many years under the roof of the insured and cared for by him since childhood, although of no blood kin to the insured and never legally adopted by him (*Carmichael* v. *Northwestern, etc., Ass'n,* 51 Mich. 494, 16 N. W. 871).

In the case before us there is no question that the plaintiff is the identical person named in the certificate and to whom the insured desired that the benefits of the policy should be paid. If, then, upon fair principles of interpretation she was included within the designation of an "adopted child," she should receive the proceeds.

It is true that legal adoption in England and in the United States exists only by statute. There is no such thing as a common-law legal adoption. 1 R. C. L., p. 593, section 2; 1 C. J., pp. 1371, 1372.

But the term "adopted child does not always mean one adopted or made heir through statutory proceedings. The dictionary definition of 'adopt' may well be applied to the reception of plaintiff into the insured's family * * *." *Anderson* v. *Royal League,* 130 Minn. 416, 421, 153 N. W. 853, 855, L. R. A. 1916B, 901, Ann. Cas. 1917C, 691, 693.

Bouvier's Law Dictionary (Rawle's 3d Rev.) vol. 1, p. 146, defines "adoption" as "the act by which a person takes the child of another into his family, and treats him as his own." Webster's International Dictionary (2d Ed.) defines "adoption" as the "voluntary acceptance of a child of other parents to be the same as one's own child."

In *Zimmerman* v. *Thomas,* 152 Md. 263, 136 A. 637, 639, it is said: " 'Simple adoption of a child,' says the Century Dictionary under the word 'adoption,' 'extends only to his treatment as a member of the household; legal adoption may confer upon him any or all of the rights of actual relationship.' "

Furthermore, we think the use of the restricted phrase, "children by legal adoption," in Code, section 4278, as amended, is in itself a recognition of the fact that "adopted children" has a broader meaning.

Our conclusion is that when the term "adopted children," as used in the association's constitution and by-laws, is construed (as it should be) liberally, according to the ordinary and common use of words so as to effectuate the intent of the parties, it embraces the plaintiff.

Accordingly the judgment is reversed and the cause is remanded for a new trial in conformity with the views herein expressed.

*Reversed and remanded.*